Maurie H. **PLATTNER,**
**Petitioner-Respondent,**

v.

Phyllis L. **PLATTNER,**
**Respondent-Appellant.**

No. 38826.

Missouri Court of Appeals,
St. Louis District,
Division Three.

May 23, 1978.

Blumenfeld, Kalishman, Marx, Tureen & Paster, Theodore D. Ponfil, Louis F. Bonacorsi, Clayton, for respondent-appellant.

Hanks, Taylor & Suddarth, Claude Hanks, Clayton, for petitioner-respondent.

GUNN, Presiding Judge.

Appellant, Phyllis L. Plattner, filed a motion to modify her divorce decree to increase the child support obligation of her former husband, Maurie H. Plattner. After a hearing, in which the only evidence consisted of the testimony of the two parties,

the court overruled her motion. She appeals alleging that the court's order was against the weight of the evidence. We affirm.

In the divorce decree entered September 15, 1972, appellant was awarded custody of the couple's two minor children. Under the terms of the decree the father was required to pay $290 per month in child support for each child as well as other benefits agreed to in a stipulation between the parties. Although the stipulation was not made a part of the record before us, from the father's unchallenged testimony we may conclude that in addition to the $580 per month child support payment, he was required to make mortgage payments totaling $96.63 a month on the house in which appellant and the children continue to live, as well as insurance, taxes and maintenance thereon.[1] Additionally, he was to pay all the children's medical and dental bills including pharmaceutical charges. He was further obliged to provide for the children's summer camp and all special schooling. The father also maintains a $50,000 insurance policy on his life naming the children as beneficiaries. Though he is not required to do so, he also takes the children out to dinner two times each week and pays for various miscellaneous expenses, e. g., scouting, Sunday school and sports leagues. According to the father's records, his payments directly to appellant for the children's support averaged $993.73 per month in 1975 and approximately the same for the first four months of 1976.[2]

Even though he has remarried and supports his wife's child, the father's ability to pay additional child support is undisputed. He and his brother are joint owners of six retail clothing and shoe stores which grossed 1.75 million dollars in 1975. At the time the original decree was entered, the father earned $36,000–$42,000 per year. By 1974 his yearly gross earnings had increased to $56,000. At the time of the hearing on appellant's motion the father's income exceeded $60,000 a year. Additionally, he was given the use of a company car, medical benefits, and a $5,000 per year contribution to a pension fund as well as other company fringe benefits.

Appellant and the children remained in the family home at the father's expense, with the exception of utilities which appellant was required to pay. Appellant had the burden of providing food, clothing, entertainment and general living expenses for the children out of the support payments. She gave widely varying estimates of her costs to meet these expenses. There was no evidence of the cost of meeting the children's needs at the time of the original decree.

■■■ If the statutory standard for the modification of maintenance and child support was the ability of the non-moving party to pay an additional amount, we would be compelled to hold that the trial court's decision was against the weight of the evidence. Such is not the standard our legislature has adopted. A divorce decree provision for child support may be modified "only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable." § 452.370 RSMo Supp.1975. This section of our Dissolution of Marriage Law was enacted to implement a stricter standard for modification, thereby discouraging repeated and insubstantial motions for modification.[3] *Seelig v. Seelig*, 540 S.W.2d 142 (Mo.App.1976).

---

1. Under the terms of the stipulation, upon the sale of the house appellant was to receive $5,000 and the remainder of the proceeds were to be paid to the father.

2. The actual average monthly payment for 1976 was $1,211.17, but this total included $1,100 for the children's summer camp which was payable only one time per year.

3. Section 452.070 RSMo 1969, which governed modification of divorce decrees for alimony and maintenance prior to the enactment of § 452.-370, provided as follows:

"* * * The court, on the application of either party, may make such alteration, from time to time, as to the allowance of alimony and maintenance, as may be proper, and the court may decree alimony pending the suit for divorce in all cases where the same would be just, whether the wife be plaintiff or defendant, and enforce such order in the manner provided by law in other cases."

Under its terms, a showing of changed circumstances is a condition precedent to the authority to modify. *Ward v. Ward*, 534 S.W.2d 593 (Mo.App.1976). The burden of proving the substantiality and continuousness of the change is on the movant. *Sifers v. Sifers*, 544 S.W.2d 269 (Mo.App.1976); *McGinley v. McGinley*, 513 S.W.2d 471 (Mo. App.1974). The trial court held that appellant failed to meet her burden of proof. Appellant's sole argument on appeal is that such a determination was against the weight of the evidence.

Our review is governed by the well known standards enunciated in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). Although we review the evidence and law de novo, we accord great deference to the trial court's opportunity to have seen and heard the parties and to have judged their credibility. *In re Marriage of Englehardt*, 552 S.W.2d 356 (Mo.App.1977); *Seelig v. Seelig*, supra. Merely because there is some evidence which could support a result contrary to that reached by the court below does not demonstrate that the decision is against the weight of evidence. We will reverse a decision on that ground only when a cautious study of the record firmly convinces us that the decree rendered is wrong. *Roark v. Harvey*, 544 S.W.2d 287 (Mo.App. 1976).

We believe that the decision of the trial court is amply supported by the evidence and, therefore, hold that appellant failed to meet her burden of showing changed circumstances so substantial and continuing as to make the terms of the decree unreasonable.

Appellant has presented evidence, primarily her uncorroborated and varying estimates, showing the present living expenses of herself and her children. She has produced no clear and unequivocal evidence that these expenses have increased substantially since the divorce decree. Instead, she relies on the general propositions that the needs of growing children increase with age and that inflation has decreased the purchasing power of the dollar. Although these two factors would support a modification, they do not mandate a modification unless it is shown that their effect has been to make the prior decree unreasonable. *In re Marriage of Englehardt*, supra; *Walter v. Walter*, 544 S.W.2d 271 (Mo.App.1976); *McGinley v. McGinley*, supra. We have been given no evidence to show that the terms of the original decree were insufficient to provide for the present needs of the children, whatever that exact amount may be. Moreover, the trial court could reasonably find that the father's obligation for child support has automatically increased with inflation. Under the terms of the stipulation, he is required to meet specific expenses incurred by the children in addition to paying a fixed monthly support payment, i. e., schooling, health costs, taxes, insurance, summer camp, etc. The effect of inflation on the father's obligation to provide for these specific needs has therefore increased his outlays for child support without a modification of the decree.

It is true that the father's income has increased significantly since the original decree was rendered. An increase in income of the spouse who is obliged to pay child support is not by itself a sufficient reason to modify the support award unless the required showing under § 452.370 RSMo Supp.1975 is first made. *McGinley v. McGinley*, supra. The spouse's increased income then becomes a relevant factor in judging his ability to provide greater child support. *In re Marriage of Englehardt*, supra; *Seelig v. Seelig*, supra. The preliminary showing was not conclusively established by appellant; therefore, the father's admitted ability to pay is not a relevant factor in this case.

The judgment is affirmed.

WEIER and KELLY, JJ., concur.