In re the MARRIAGE OF Donna JO-HANSON, Petitioner-Respondent,

and

Samuel Johanson, Respondent-Appellant.

No. 38815.

Missouri Court of Appeals,
St. Louis District,
Division No. One.

July 5, 1978.

Paxton H. Ackerman, Clayton, for respondent-appellant.

Vincent S. Moody, Clayton, for petitioner-respondent.

SMITH, Judge.

Defendant appeals from the action of the trial court in modifying child support payments. The decree of dissolution was entered in May, 1974, and provided for weekly child support payments of $30 per week for

each of the three children of the marriage. In June, 1976, plaintiff-mother sought a modification to increase the support for the two daughters to $50 per week and the support for the son to $80–$100 per week. After hearing, the court ordered a modification as to the son to $50 per week, to the elder daughter to $40 per week, and no increase for the younger daughter.

The evidence as to the son clearly supports the court's action. After the dissolution the son developed emotional problems with which neither parent could cope. The parties contacted the Methodist Children's Home and that institution admitted the boy to the Home at a charge of $50 per week. This was clearly a changed and continuing circumstance, not anticipated by the parties, and supported the court's modification as to the boy. The evidence further establishes the father's ability to meet this increased obligation.

As to the daughter, a different situation prevails. Under Sec. 452.370 RSMo. Supp. 1975, a dissolution decree provision for child support may be modified "only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable." As we stated in *Plattner v. Plattner,* 567 S.W.2d 139 (Mo.App.1978), this provision was enacted to implement a stricter standard of modification, thereby discouraging repeated and insubstantial motions for modification. See also *Seelig v. Seelig,* 540 S.W.2d 142 (Mo. App.1976). The burden of establishing the substantiality and continuousness of the change is on the movant. *Plattner v. Plattner, supra; Sifers v. Sifers,* 544 S.W.2d 269 (Mo.App.1976). We recognized in *Plattner, supra,* that costs of children increase with age and that inflation decreases the purchasing power of the dollar, and that these factors can support a modification. However, we must also presume that since aging and inflation are respectively inevitable and predictable, such factors are taken into account in making the original award of support. It, therefore, is necessary that evidence be introduced to show that the original award was insufficient to provide for the present needs of the child. *Plattner v. Plattner, supra.* Particularly where the time between the original award and the modification is relatively short, movant does not carry the burden simply by testifying to predictable general increases in the children's expenses due to aging and inflation.

In this case, movant introduced no evidence of her expenses for the children at the time of the dissolution nor of any specific increases between then and the date of modification. She spoke generally in terms of increased automobile insurance premiums, clothing and food. She admitted that at the time of the decree it was contemplated the children would have increased expenses as they grew older. Since the items testified to are expected and predictable increases, neither we nor the trial court can presume they were not anticipated and considered by the court at the time of the original award. We find the modification as to the elder daughter unsupported by the evidence.

Judgment affirmed as to the increase in support for the son, Samuel Alan Johanson, and reversed as to the increase in support for the daughter, Lori Ann Johanson.

CLEMENS, P. J., and McMILLIAN, J., concur.