**In re the Marriage of Fleta Mae HAL-LUMS Cobert, Petitioner-Appellant,**

v.

**John Fyke HALLUMS, Respondent-Appellee.**

No. 39869.

Missouri Court of Appeals, Eastern District, Division Four.

July 17, 1979.

Bernard Edelman, Clayton, for petitioner-appellant.

Richard Wolff, St. Louis, for respondent-appellee.

DOWD, Presiding Judge.

This is an appeal from the judgment rendered by the Circuit Court of St. Louis County denying a motion to modify a 1968 divorce decree to increase child support payments. Appellant, Fleta Mae Hallums Cobert, contends the trial court erred in not finding that her evidence sufficiently established circumstances warranting both the modification and an award of attorney's fees.

Appellant was granted a decree of divorce in her marriage to John Fyke Hallums in December of 1968. Pursuant to this decree, appellant was awarded the care, custody and control of their minor child, Lisa, age twelve.[1] In May, 1969, following an appeal from the original decree, an agreement was reached between the parties as to child support payments. Respondent was ordered to pay $270.00 a month for Lisa's support.

On September 7, 1976, appellant filed a motion to modify to increase the child support payments to $750.00 a month. Appellant's motion to modify the decree in this respect was predicated on the claim that there had been a change of circumstances so substantial and continuing as to make the original support payments unreasonable. Specifically, appellant contended that as Lisa had reached the age of twenty, the increased cost of living, of education (college tuition, books, etc.) and of general expenses (clothing, food, recreation) constituted a change of circumstances which rendered the original child support payments insufficient to meet her expenses.

Appellant, though employed at the time of the filing of the motion, was unemployed at the time of the hearing. She had a bank account containing approximately $3,000.00; owned stock with a total value of $4,700; owned an automobile valued at $1,000, and was co-owner of a $94,000 home encumbered by a $60,000 mortgage. The respondent, who provided a car and Blue Cross/Blue Shield medical insurance for Lisa, stipulated that he would be financially able to pay an increase in child support if the evidence justified such an increase.

At the hearing, appellant asked that the child support be increased beginning Sep-

1. The court also awarded the custody of another child of the marriage, Lance, age 10, to appellant. After a hearing and agreement between both parties, the custody of Lance was transferred to respondent and is therefore not in issue here.

tember, 1976, when the motion was filed, until Lisa graduated from college, which would be in May, 1978. However, Lisa reached age 21 in August, 1977 while the case was under submission. In *Lieberman v. Lieberman*, 517 S.W.2d 478 (Mo.App. 1974), a son who had reached his majority brought an action against his divorced father for payment of his college expenses. The court in affirming the dismissal of the action for failure to state a claim held that absent special circumstances a parent is under no duty to support an adult child. Applying *Lieberman* here, the respondent's duty to support Lisa and defray her college expenses would have terminated when she became 21 years old in August, 1977. After a hearing on the motion, the circuit court overruled appellant's motion to modify the decree to increase child support, and denied appellant attorney's fees.

■ In her first point relied on, appellant claims that there was sufficient evidence to sustain the motion to modify the child support payments. The standards for modification, which are enumerated in § 452.370 RSMo Supp.1975, require a showing of "changed circumstances so substantial and continuing as to make the terms unreasonable." This particular section of the Dissolution of Marriage Act was designed to impose a stricter standard in actions similar to the present case, to deter recurrent and insubstantial motions for modification. *Seelig v. Seelig*, 540 S.W.2d 142, 146 (Mo. App.1976). The burden is on the movant to demonstrate that the criteria of § 452.370, *supra*, are met. *Sifers v. Sifers*, 544 S.W.2d 269, 270 (Mo.App.1976).

At the hearing on the motion only the appellant testified. Her testimony regarding Lisa's yearly expenses was as follows: $800 for college tuition; $250 for school books; $75 for parking; $960 for gasoline; $480 sorority dues; $1,488 for food; $2400 for clothes. Lisa had a part time job while attending college and earned $25.00 to $30.00 per week.

In order to procure the desired modification, it was incumbent upon appellant to prove that "changed circumstances (were) so substantial and continuing as to make the terms (original decree) unreasonable." § 452.370 RSMo Supp.1975. Appellant was required to demonstrate that a substantial increase in expenses had occurred since the award in 1969. *Plattner v. Plattner*, 567 S.W.2d 139, 141 (Mo.App.1978).

■ This requirement is not satisfied however, by testimony as to general propositions regarding the amplifying effect of inflation on expenses. Inflationary trends and the needs of a growing child are valid reasons to grant a motion to modify a support award if appellant further demonstrates that these conditions render the original award unreasonable to support the child. *Plattner, supra.*

■ Appellant did not sustain her burden of proof. Appellant relied on varying and uncorroborated evidence. *Plattner, supra.* Appellant failed to demonstrate by clear and unequivocal evidence that her expenses increased substantially since the original decree. She includes in her expenses statement and testified at the hearing as to $2400 yearly for clothing expenses for Lisa but offers no further proof or verification and even states that part of the clothing is paid for by appellant and part by Lisa without specifying their proportionate amounts. Appellant testified twice concerning her food bills for Lisa; once confirming the amount stated in her expense statement and once stating a different amount. A similar inconsistency appears in the record regarding appellant's payment of sorority dues. Such shifting and unauthenticated evidence accompanying inflation and the increasing cost of a growing child is not sufficient to demonstrate that the original award is unreasonable. We find no error in the court's denial of appellant's motion to modify the child support payments.

In the second prong of her first point relied on appellant alleged the trial court abused its discretion in not awarding her a reasonable sum for her attorney's fees.

■ At the outset it must be noted that an award of attorney's fees is distinct from

a child support award, and the authority of a court to award attorney's fees is not an incident of a child support award. *Dyche v. Dyche*, 570 S.W.2d 293, 296 (Mo. banc 1978). The applicable statute governing the award of attorney's fees ·in proceedings under the Dissolution of Marriage Act is § 452.355 RSMo Supp.1975. This statute requires a consideration of "all relevant factors including the financial resources of both parties". The requirements set forth in § 452.355 *supra*, have been interpreted two ways.

The first interpretation requires that the evidence establish that the wife lacks sufficient means to pay the costs of litigation. A need to have the husband finance the expenses of the litigation must be shown. *Ortmann v. Ortmann*, 547 S.W.2d 226, 231 (Mo.App.1977). Although the statute refers to the financial capabilities of "both parties", courts have focused their inquiry on whether the wife has sufficient means to bring the action on her own. *Ortmann, supra*, 231.

 An application of this interpretation to the present case reveals that appellant has failed to present evidence to establish her need to have the litigation expenses borne by the respondent. There is no demonstration of need on the part of the appellant in the record. In fact, appellant's financial statement of April 12, 1977 suggests no need to require the respondent to finance the litigation. The statement indicates that the appellant owned $3,000 in a bank account and $4,700 in stock. These assets, apart from appellant's equity in her home, would be sufficient to pay $700 in legal expenses. Under this analysis, appellant would not prevail in her request for attorney's fees.

The second interpretation recognizes that the trial court is vested with sound discretion in making an award of attorney's fees and in the exercise of this power consideration should be given to the wife's ability to pay. *In re Ebinger*, 573 S.W.2d 738, 742 (Mo.App.1978). The statute (§ 452.355) requires the trial court to consider among other relevant factors the "financial resources of both parties".

From an examination of the record we are convinced that the trial court did not abuse its discretion in denying appellant attorney's fees.

In her second point relied on, appellant contends the trial court erred in failing to award her the requested increase in child support payments effective as of the date of the filing of the motion to modify. Had appellant demonstrated the requisite need, the effective date of the decree following the filing of the motion, would be a matter within the discretion of the trial court. *Brown v. Brown*, 537 S.W.2d 434, 437 (Mo. App.1976). As appellant did not sustain her burden on the issue of changed circumstances, we do not reach this point. Point two is ruled against appellant.

Judgment affirmed.

CRIST and SATZ, JJ., concur.