**Alan KIEFFER, Appellant,**

v.

**Eileen KIEFFER, Respondent.**

**No. 61469.**

Supreme Court of Missouri, En Banc.

Dec. 6, 1979.

Joseph A. Lott, Clayton, for appellant.

Morton R. Newman, Clayton, for respondent.

MORGAN, Judge.

After affirming the trial court's modification of a divorce decree which (1) increased support payments for one child and (2) ordered recovery of one-half movant's attorney fee, the Eastern District of the Court of Appeals certified the cause to this court because its " . . . examination of the recent decisions indicates that there is a conflict in the law as to whether it is essential there be a showing of financial need on the part of the spouse or former spouse seeking an award of an attorney's fee in a proceeding under the Dissolution of Marriage Act, §§ 452.300–452.415, RSMo 1969 [1973 Supp.], or whether need is merely one factor to be considered by the court in exercising a sound discretion to arrive at a just determination."[1]

Alan and Eileen Kieffer were divorced in 1973 with custody of their two year old child, Connie, being awarded to the mother with reasonable rights of visitation awarded the father. The latter was to pay $30 per week toward support of the child.

In 1976, Eileen sought by the motion, yet involved, to have the child support payments increased to $60 a week and for recovery of attorney fees incurred by her in the proceeding. After a hearing wherein both parties testified and their financial positions presumably were accurately disclosed, the trial court increased child support to $200 a month (something less than $50 a week) and further ordered Alan to pay $250 to Eileen's attorney, which represented one-half his fee of $500. The appeal involves both awards and each will be considered in the order presented.

 Believing that the record presented sustains the opinion of the Eastern District upholding the modified child support, we incorporate herein portions thereof without benefit of quotation marks.

---

1. The opinion of the Eastern District was written by Weier, C. J., wherein he clearly identified the "conflicts" by reference to numerous cases from each of the appellate courts (districts) and fully articulated the basic problem.

The evidence disclosed that by reason of inflation and the child's attainment of school age the costs of her needs had risen substantially. Eileen's total monthly expenses had increased from $550 at the time of the divorce to $865 on the date of the modification hearing, some three years later. The child's present monthly expenses were shown to be $342, without proration of household expenses.

Eileen's present assets included $4,500 in cash and deposit accounts, an automobile valued at $2,000 and a $30,000 house subject to an indebtedness of $2,800. Her cash and deposit accounts had been shown to be $3,000 on the date of the divorce and explanation was given that because of year-end expenses and emergencies the same now had been increased to $4,500.

Alan, during the period of interest, had seen his annual salary increase from $15,000 to $20,000. His net bi-weekly earnings are now $526 and his monthly expenses are $1,210. He has remarried and his present wife was the source of jointly-held $7,745 savings and checking accounts. Other assets included a 1976 Buick given to him by his mother, a 1973 Chevrolet purchased by his wife before their marriage, a residence in Bettendorf, Iowa, where they live and savings bonds worth $361.

The trial court, along with other evidence, took judicial notice of the increased cost of living from the time of the decree to its modification as evidenced by its interrogation of the parties.

Alan first contends that there was a failure of proof under § 452.370.1, which declares that modification is authorized only where there has been a " . . . showing of changed circumstances so substantial and continuing as to make the terms [of the decree] unreasonable." The burden of proving the same rests with movant, *Sifers v. Sifers*, 544 S.W.2d 269, 270[1] (Mo.App. 1976); but, the fact a child has grown older and has more needs, aggravated by the increase in cost of living, has been held to be sufficient to increase an award of support due to changed circumstances. *McGinley v. McGinley*, 513 S.W.2d 471, 473[4] (Mo.

App.1974). Similar changed conditions appear in the instant case. Argument is made to the contrary in reliance upon *Plattner v. Plattner*, 567 S.W.2d 139 (Mo.App.1978), wherein modification was denied. Such reliance is ill-founded because in *Plattner* movant relied upon uncorroborated and varying estimates, instead of producing clear and unequivocal evidence that the expense of supporting the child had increased substantially. Movant therein relied on *general propositions* that the needs of growing children increase with age and that inflation was a contributing factor. The records as made are distinguishable and the argument now presented is rejected.

Secondly, we consider the propriety of awarding an attorney's fee, which is an issue less easily resolved because decisions in the area are obviously discordant. Some cases have held that an award of an attorney's fee in either a dissolution or modification case is appropriate only where there is evidence of the spouse's need and lack of sufficient means to finance the litigation [*Johnston v. Johnston*, 573 S.W.2d 406 (W.D.Mo.App.1978); *Ortmann v. Ortmann*, 547 S.W.2d 226 (E.D.Mo.App.1977); *Dillon v. Dillon*, 559 S.W.2d 81 (S.D.Mo.App.1977)], while others have held that "need" is only one factor to be considered. [*Ebinger v. Ebinger*, 573 S.W.2d 738 (E.D.Mo.App. 1978); *Gross v. Gross*, 557 S.W.2d 448 (W.D. Mo.App.1977); *Eden v. Eden*, 558 S.W.2d 394 (S.D.Mo.App.1977) (award is within sound discretion of the trial court)]. Recently, this Court in *Dyche v. Dyche*, 570 S.W.2d 293 (banc 1978), emphasized that the award of an attorney fee was not premised on an award of support or maintenance or any other issue, such as custody, but upon the separate and distinct provisions found in § 452.355, which are:

> The court from time to time after considering *all relevant factors including the financial resources of both parties* may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under sections 452.300 to 452.415 and for attorney's fees, including sums for legal

services rendered and costs incurred prior to the commencement of the proceeding or after entry of judgment. The court may order that the amount be paid directly to the attorney, who may enforce the order in his name.

(Emphasis added.)

Any effort to reconcile or distinguish cases in this area would be rather futile and lead to no advantage, particularly because it is difficult to delineate why courts of this state have found the wording of the statute to be unclear. Nevertheless, they have.

■ Where an ambiguity exists, in fact or by construction, it is proper to consider the history of the legislation, the surrounding circumstances and the ends sought to be accomplished. *State ex rel. Zoological Park Subdistrict of City & County of St. Louis v. Jordan*, 521 S.W.2d 369 (Mo.1975); *Protection Mutual Insurance Co. v. Kansas City*, 504 S.W.2d 127 (Mo.1974). While doing so, it is proper to consider the "words" used in their plain and ordinary meaning in an effort to ascertain the true intent of the General Assembly. *State ex rel. Union Electric Co. v. Goldberg*, 578 S.W.2d 921 (Mo. banc 1979); *State ex rel. Dravo Corp. v. Spradling*, 515 S.W.2d 512 (Mo.1974); *Missouri Pacific R.R. v. Kuehle*, 482 S.W.2d 505 (Mo.1972).

We reaffirm our holding in *Dyche v. Dyche, supra*, with some feeling that the problem posed was answered therein, but recognizing that others have limited that holding to a declaration that an award of an attorney fee is not an "incident" of other orders entered, we consider the question further.

A part of the Uniform Marriage and Divorce Act, from which § 452.355 was taken, varies only slightly from the Missouri statute, but the difference in wording may be significant to the resolution of this case. The uniform act states that "[t]he court from time to time after considering the *financial resources* of both parties" may award reasonable fees. The General Assembly changed such wording in the Missouri statute to read that "[t]he court from time to time *after considering all relevant factors including the financial resources* of both parties" may award reasonable fees.

■ The term "including" is sometimes ambiguous and its meaning may vary according to the context of the statute in which it appears. *St. Louis County v. State Highway Commission*, 409 S.W.2d 149, 153 (Mo.1966); *Union Electric Co. v. Cuivre River Co-operative, Inc.*, 571 S.W.2d 790, 794 (Mo.App.1978). However, generally the term is one of enlargement rather than limitation. *St. Louis County v. State Highway Commission, supra.*

■ With these guidelines in mind, it would appear that our legislature intended that the court consider factors *in addition to* the financial resources of the parties. This is apparent especially in light of the change in wording it incorporated, rather than adhering strictly to the uniform act. If this change in wording were not meant to clarify that the judge is to consider *all* relevant factors rather than limiting his consideration only to the financial resources of the parties, then the additional words would have no meaning, a result to be avoided. *Jones v. Jones*, 376 S.W.2d 210 (Mo. banc 1964).

The notes to § 313 of the UMDA, 9 U.L.A. 177 (1979), prepared by the Commissioners on Uniform State Laws, state its purpose to be to authorize payments of costs and a reasonable fee by one party to the other party's attorney "if the court, after considering the financial resources available to both parties, determines the order to be necessary." Even if the General Assembly had not changed the wording of the statute, it still could be argued persuasively that financial inability of the spouse to pay an attorney's fee is not a requirement for the awarding of the fee. The wording of the statute, in either form, refers to consideration of the financial resources of each party. Neither the statute nor the Commissioners' notes require that one party must be unable to pay the cost of litigation. Rather, by using the words they did, the Commissioners and the Missouri legislature allowed the trial judge considerable discretion in awarding attorneys' fees.

In this case respondent possessed sufficient means to prosecute her motion to modify. The evidence seems clear as well reference appellant's ability to pay the $250 fee assessed against him. Because the statute permits the court to consider all relevant factors in assessing attorney fees, it may be that the trial court believed that in view of the financial resources of the parties, appellant could more easily absorb the $250 cost than respondent could absorb all of the $500 cost. It also may have considered relevant respondent's testimony that after the filing of the motion to modify, but before the hearing, appellant told respondent he was unwilling to pay any more child support than he was then paying, thus forcing respondent to resort to the courts in order to obtain any support increase. The record provides this Court no clue as to all of the factors the trial court considered.

However, § 452.355 does make clear that the financial resources of the parties must be considered. Other factors are to be taken into account as well. How they balance will vary from cases to case and certainty of result cannot be projected. Only when the trial court is shown to have abused the broad discretion with which it is vested in this regard should its award (or orders) be overturned. No such showing was made here.

The judgment is affirmed.

All concur.