Edward COOPERMAN, Appellant,

v.

Ruth Ann HOLDINGHAUSEN, formerly Ruth Ann Cooperman, Respondent.

No. 43583.

Missouri Court of Appeals, Eastern District, Division Three.

Nov. 3, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 16, 1981.

Application to Transfer Denied Jan. 18, 1982.

Joel Case, Manchester, for appellant.

Edward C. Vancil, Clayton, for respondent.

CRIST, Judge.

Mother's motion to modify dissolution decree was sustained. Father appeals and we affirm.

The marriage of the parties was dissolved November 6, 1973. Mother was awarded custody of the three minor children, the eldest of whom has since been emancipated. The dissolution decree provided that father pay child support of $33.00 per week per child. Mother returned to the court less than a year later seeking modification, but her motion was overruled. Mother's second motion to modify, filed February 1, 1980, asked for an increase in the support payments for the two unemancipated children, then ages 15 and 14 respectively. The trial court ordered the support payments increased to $50.00 per week for the older child and $45.00 per week for the younger child.

■ The criterion in ascertaining the amount of child support is essentially the well-being of the children. *Caray v. Caray*, 569 S.W.2d 18, 21 (Mo.App.1978). We shall keep this maxim in mind as we dispose of Father's appeal.

■ Father first asserts there was insufficient evidence of a considerable and lasting change of circumstances to warrant modifying the support order as required by § 452.370, RSMo.1978. We do not agree. This determination lies within the legitimate discretion of the trial court and we review only to come to a conclusion as to whether there has been an abuse of discretion or an aberrant application of the law. The duty of establishing error and the impropriety of the judgment below is on the father. *Oberkrom v. Oberkrom*, 608 S.W.2d 449, 450 (Mo.App.1980). He has not met this burden.

Father bases his challenge on *In re Marriage of Johanson*, 569 S.W.2d 337 (Mo.App. 1978), where this court refused to sanction an automatic increase of child support payments on the ground prices were higher due to inflation and the children were older. We stated that:

> [S]uch factors are taken into account in making the original award of support. It, therefore, is necessary that evidence be introduced to show that the original award was insufficient to provide for the present needs of the child. Id. at 338.

■ What this court abhorred in *Johanson* were automatic increases by reason of inflation without evidence of the cost of rearing the older children. Mother here proved increased costs in keeping the children over the seven years since the original degree. Her testimony as to expenditures was adequate evidence on which to ground a modification of child support. This is especially so in view of the spiraling boosts in prices that have occurred in the last three years. *Johanson* states that under § 452.370, normal inflation would be considered in the formulation of the original decree. Here, there is no way that the trial court in 1973 could foresee the elevation in the price level that has taken effect over the last three years. All in all, the record is sufficient to authorize an escalation in child support. See also, *Morris v. Morris*, 549 S.W.2d 363, 365 (Mo.App.1977).

Father's other assignment of error has no merit. He claims that because mother's evidence referred only to the change of circumstances between the time of the original decree and the present motion to modify, and not to the time between the first and second requests for modification, she did not show a change of circumstances sufficient to support a modification. But, since Mother's first motion to modify was not granted, the court properly took the 1973–80 (as opposed to the 1974–80) time frame into account. We reiterate that the trial court has ample discretion and the burden of demonstrating the misuse of such power of choice is upon the Father. Under our circumscribed ambit of review, we cannot declare this discretion abused. *In re Marriage of Newman*, 601 S.W.2d 632, 633 (Mo.App.1980).

Judgment affirmed.

REINHARD, P. J., and SNYDER, J., concur.