In re the MARRIAGE OF Jimmy Dale COOK and Diane Elaine Cook.

Jimmy Dale Cook, Petitioner-Respondent,

and

Diane Elaine Cook, Respondent-Appellant.

No. 12392.

Missouri Court of Appeals, Southern District, Division Two.

July 7, 1982.

Dee Wampler, Wampler & Wampler, Springfield, for petitioner-respondent.

Loren R. Honecker, Sherwood, Honecker & Bender, Springfield, for respondent-appellant.

PREWITT, Presiding Judge.

The marriage of the parties was dissolved on May 27, 1980, and petitioner-respondent (Jimmy) received custody of their children, a son, age 10, and a daughter, age 7. No child support was ordered. On February 24, 1981, Jimmy filed a motion which, among other relief requested, asked the trial court to modify the dissolution decree by awarding him child support. Following a hearing on July 6, 1981, the trial court ordered that respondent-appellant (Diane) pay to Jimmy the sum of $100 per month child support. Diane appeals from that order.

At the time of the dissolution and the hearing on the motion to modify, Jimmy had gross pay of $1,234 a month and net pay of approximately $800 per month. At the time of the dissolution Diane was making approximately $150 a week "providing I was working". At that time she was a "trainee" and the amount of money that she anticipated making "was uncertain". She now regularly has gross pay of $160 a week and net pay of approximately $120 a week. Jimmy testified that in addition to his regular employment he was working as a "standby" ambulance attendant and "Once in a while" hauled hay. What he made from these activities and whether he was doing them at the time of the dissolution is not in evidence.

Jimmy testified at the hearing on his motion that he did not have "enough money to get by on" and needed $150 a month child support; that after he paid the monthly bills on July 6, 1981, he had $86 left for the rest of the month. Whether July was a typical month and what those bills were is not in the record. He testified that "the price of things" had increased "very, very much so" in the last year and two months. When asked, "Are the children's needs a little greater than they were?", he responded, "Yes, sir, very much so." No additional or specific information on his or the children's needs was given.

Diane was living with a man that she testified she intended to marry when his dissolution was final. She said it was to be final the day after the motion was heard and they would apply for a marriage license that week. Diane apparently paid most of the household expenses, but occasionally he provided food for them and has helped her with her expenses for dental care, transportation and some other expenses. He was a truck driver and was gone much of the time. The house where they reside was purchased after the dissolution by Diane and her grandmother "on contract for deed." Diane said she paid $500 down and owed $22,000 on it. Her grandmother assisted her in making the house payments of $200 a month. Diane testified that her expenses were approximately $678 per month and she was "going in the hole almost $200.00 a month".

Diane contends that a sufficient change of circumstances was not shown to modify the decree. Jimmy contends that sufficient changes were shown because the costs of goods have increased, the children's needs have increased and he does not have sufficient income to support the children; Diane now has a steady income that she did not have at the time of the dissolution; she provides financial aid for the man she lives with; she receives financial assistance from him and her grandmother; and she had the financial ability to purchase a house after the dissolution.

The award of child support is a matter properly within the sound discretion of the trial court and while under § 452.-340, RSMo 1978, the support of minor children remains primarily the obligation of the father, the mother may also be called upon to provide support where she has the ability to do so. *Brueggemann v. Brueggemann*, 551 S.W.2d 853, 859 (Mo.App.1977). Having in mind the factors stated in § 452.340, we consider whether there was a "showing of changed circumstances so substantial and continuing as to make the terms [of the dissolution decree] unreasonable." § 452.-370, RSMo 1978.

Section 452.370 was enacted to impose stricter standards for modification than previously required, thereby discouraging recurrent and insubstantial motions for modification. *Hallums v. Hallums*, 585 S.W.2d 226, 228 (Mo.App.1979). To obtain modification of a dissolution decree, the movant has the burden of showing a change in circumstances so substantial as to make the terms of the original decree unreasonable. *In re Marriage of Marek*, 618 S.W.2d 245, 246 (Mo.App.1981). Inflationary trends and the needs of a growing child are valid reasons for modification if it is demonstrated that these conditions render the original decree unreasonable. *Hallums v. Hallums*, supra, 585 S.W.2d at 228.

Where the time between the original award and the modification is relatively short, the movant does not carry his burden simply by testifying to predictable general increases in the children's expense due to aging and inflation, since we presume that such factors are taken into account in making the original award. *In re Marriage of Johanson*, 569 S.W.2d 337, 338 (Mo.App. 1978). For these reasons we give the increased age of the children and the effects of inflation little value and proceed to discuss the remaining evidence.

Jimmy testified that he did not have sufficient income to support the children. He did not set forth what their expenses were and did not explain why his income was not sufficient. Diane now has a steady income. The trial court placed emphasis on the fact

that she was able to help support the man she was living with. How much, if anything, their living together cost her is not shown. Jimmy argues that her helping support the man and the man helping with her expenses are both circumstances to be considered. Whether these factors might offset each other cannot be told from the evidence. The extent of the financial assistance Diane received from her grandmother is not shown and we think that Diane's ability to make a $500 down payment on the house adds little to a consideration of whether the original decree was unreasonable.

Viewing all the evidence together, we do not believe it shows changes in the circumstances of the parties and their children sufficient to make the terms of the dissolution decree unreasonable.

The portion of the judgment awarding child support is reversed.

MAUS, C. J., and HOGAN and BILLINGS, JJ., concur.