**Alberta June WALCK, Appellant,**

v.

**Albert C. WALCK, III, Respondent.**

**No. 44904.**

Missouri Court of Appeals,
Eastern District,
Division Three.

March 22, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 13, 1983.

did not raise this issue.

James J. Knappenberger, Clayton, for appellant.

Terrence L. Farris, Clayton, for respondent.

CRIST, Judge.

Motion to modify amount of child support. We reverse and remand.

The marriage of the parties was dissolved on June 5, 1974. Mother was awarded custody of Mark, born April 20, 1963, Keith, born April 22, 1966, and Jeffrey, born January 14, 1968. She was given child support in the amount of $20.00 per week per child.

On February 11, 1977, the dissolution decree was modified to provide child support to mother in the amount of $25.00 per week for the support of each child.

On June 18, 1980, father filed his motion to modify asking for custody of the two youngest children. On July 1, 1980, mother filed her motion to modify with respect to temporary custody and an increase in child support. The trial court first heard the parties respective motions involving custody and entered its order relating thereto on October 1, 1980. This order was not appealed.

The trial court then heard mother's motion for an increase in child support and for attorney fees. On September 1, 1981, the trial court awarded attorney fees to wife, increased the child support for Mark to $45.00 per week but denied an increase in child support for Keith and Jeffrey. Mother appeals the denial of an increase in child support for Keith and Jeffrey.

Our review of the modification order is limited to whether it is supported by substantial evidence, whether it is against the weight of the evidence, or whether it erroneously declares or applies the law. *Doss v. Doss*, 625 S.W.2d 637, 639 (Mo.App. 1981).

In the instant case, the trial court held that as a matter of law, there was insufficient evidence to show the original award to Keith and Jeffrey was inadequate to provide for their present needs. The trial court, based its decision upon *In re Marriage of Johanson*, 569 S.W.2d 337, 338 (Mo. App.1978). In its decision denying an increase for two younger boys, the trial court quotes *Johanson:* "[s]ince aging and infla-

tion are respectively inevitable and predictable, such facts are presumed to be taken into account in making an award of support."

We disagree with the court's reliance on *Johanson* in that a decision premised on *Johanson* preempts a true analysis of the record. The *Johanson* court, after issuing its position on inflation, went on to say that an inclusion of the inflation/age factor was particularly true in cases where there is a relatively short interval between modification and original decree. *Id.* The movant in *Johanson* filed for a modification just two years after the original decree.

■ Here, it had been four years since movant's last request for a modification and seven years since the original decree. To compound the problem, since *Johanson* was written, time has shown spiraling inflation was not predictable. Our nation has suffered its greatest inflation from on or about 1978 through the time of movant's filing for a modification in 1981. In response to this unprecedented inflation, courts have shown a willingness to consider inflationary trends and the needs of a growing child as valid reasons for modification of child support if it is demonstrated that such conditions render the decree unreasonable. *In re Marriage of Cook,* 636 S.W.2d 419, 421 (Mo.App. 1982); *Hallums v. Hallums,* 585 S.W.2d 226, 228 (Mo.App.1979).

As suggested above, more proof is required than a mere showing of inflation's effect on goods. Movant has the burden of showing that inflation has rendered the original award unreasonable to support the child. *Hallums,* 585 S.W.2d at 228. There was substantial evidence introduced in this case for the court to have found the existing award was no longer reasonable.

■ The evidence, all introduced without objection, upon which the trial court could have found a need to increase child support is as follows: The amount of child support awarded in the 1974 original decree was $20.00 per week per child. At that time the children were quite young. In 1977, four years later, the court increased the award

to $25.00 per child. This was a minimal amount of child support. Father's 1977 income statement showed he earned $426.00 every two weeks. His 1981 income statement showed he was earning $2,250.00 monthly. Mother testified she was earning $387.50 every two weeks at the time of the modification hearing in 1977, and her 1981 gross monthly wages were $1,320.00.

Additionally, mother's 1981 income and expense statement shows the cost of rearing a child now far exceeds the amount shown in father's February, 1977 income and expense statement. (Unfortunately, mother failed to put her 1977 income and expense statement into evidence.)

Mother's expenses for the children were rising for a variety of reasons. The couple's second son Keith was now in high school. He was an "A" student and was taking a college credit course at Washington University at a cost to mother of $65.00. Additionally, son's involvement in athletics and other school activities have increased his general expenses and clothing needs since 1977 when he was in grade school. He would soon be eligible for a driver's license and mother testified there would be an increase in her car insurance with Keith added to the policy.

Jeffrey, the couple's third son, would enter high school the following year. He too was an "A" student and he, like Keith, was increasing his involvement in sports and other activities. Mother has borne the increased expenses of these additional activities alone. Included in these expenses for the boys' activities, was an increased expense in running her car. Mother was currently paying more than half of the children's expenses. She requested, and it appears requires, at least a 50 percent increase in child support. There is little question but that she made a substantial showing of need, and that a reliance on *Johanson* could very well have preempted a more thorough analysis of that showing. See, *Cooperman v. Holdinghausen,* 629 S.W.2d 489 (Mo.App. 1981).

■ In its reexamination of the record, the trial court should examine whether or not mother has met her burden in proving

the age/inflation factor has rendered the award to Keith and Jeffrey unreasonable. *In re Marriage of Cook,* 636 S.W.2d at 421. Further, it should determine father's ability to pay and decide whether or not child support payments should be made to the court clerk. The foregoing should be considered, as always, with the best interests of the child uppermost in mind. *Cooperman v. Holdinghausen,* 629 S.W.2d at 490.

Reversed and remanded for the trial court to redetermine whether child support payments on behalf of Keith and Jeffrey should be increased and, if so, the amount thereof, and to determine whether child support payments should be made to the court clerk.

CRANDALL, P.J., and REINHARD, J., concur.