**Roselyn M. (Weber) HOTCHKIN, Respondent,**

v.

**Jack E. WEBER, Jr., Appellant.**

**No. WD33644.**

Missouri Court of Appeals, Western District.

Aug. 2, 1983.

John E. Chick, Jr., Kansas City, for appellant.

Jack Mencl, Law Offices of J.D. Williamson, Jr., Independence, for respondent.

Before DIXON, P.J., and KENNEDY and LOWENSTEIN, JJ.

DIXON, Presiding Judge.

The husband appeals an order of the circuit court modifying child support and increasing the monthly child support for three minor children from $115 to $150 per child. The sole and dispositive issue is the sufficiency of the evidence proffered by the wife to support the trial court judgment.

The parties stipulated to the income of the husband and wife. The husband's gross income had increased approximately $700 per month since the time of the dissolution and the wife, who was not employed at the time of the dissolution, was presently earning approximately $900 in gross wages. The proof indicated that the male child was 11 years old, and the twin girls were age 10. The wife testified that her present utilities and house rent were "over $650 per month," adding that such amount was a gross figure for the whole family and not apportioned in any way. She said that she had "very high medical bills," which after considerable examination resolved into a stated expense of $400 for the deductible on health insurance maintained by the husband at his employment and 20 percent of any bills in excess of the deductible. There was no evidence of any specific medical bill. She also testified to a bill of $300 for dental expense and the need for further extensive dental care. All three children required medication for allergies, but the cost was not disclosed. A large portion of the evidentiary hearing involved questioning concerning the difficulties the wife had encountered in paying off the indebtedness against the house. The husband had stopped paying on a second mortgage he was obligated to pay under the dissolution decree. Apparently to prevent foreclosure, the wife's father had undertaken to assume the entire indebtedness and had taken title to the real estate. The wife was paying her father $255 a month to make the payments on the debt he had assumed. On the basis of the evidence the court entered its order increasing the child support by $35 per child per month.

The husband argues that the evidence is wholly insufficient to support the award.

There is no doubt that this evidence is fragmentary and to some extent unsatisfactory in showing the change in the expenses of the wife from the time of the original decree to the present. Counsel flirts with reversible error when care is not taken to prove up the elements of the case in better fashion than this record demonstrates.

The wife on appeal cites cases supporting the general proposition that the ravages of inflation will be considered in assessing the need for a change in allowances in a dissolution case. Coupling that principle with the evidence, she argues that the record is sufficient to support the decree.

The most recent discussion of the effect of inflation as it relates to the validity of an increase in an award of support is *Walck v. Walck*, 651 S.W.2d 559 (Mo.App.1983). In that case the trial court increased the award of child support for one child, but denied an increase for two other children, and the mother appealed. The court in *Walck* reversed the trial court's holding that there was insufficient evidence to show the inadequacy of the award as to the two children for whom an increase in support was denied. The trial court in *Walck* specifically relied upon *In Re Marriage of Johanson*, 569 S.W.2d 337 (Mo.App.1978). The *Walck* court disagreed with the trial court's reliance on *Johanson* and distinguished *Johanson* on the ground that in *Johanson* there had only been a period of two years between the original decree and the modification. In the *Walck* case, seven years had elapsed between the entry of the decree and the requested modification.[1] The *Walck* court pointed out that the greatest surge of inflation had occurred from 1978 through 1981 and said that the courts have shown a willingness to consider inflationary trends and the needs of a growing child as valid reasons for modification of child support when it is demonstrated that such conditions render the decree unreasonable. *In re Marriage of Cook*, 636 S.W.2d 419 (Mo.App. 1982); *Hallums v. Hallums*, 585 S.W.2d 226 (Mo.App.1979).

1. The June 1974 decree had been previously modified in February 1977.

The *Walck* court undoubtedly is correct in its analysis of the case law, and it would be unreasonable to take any other position with respect to the ravages of inflation. The *Walck* court had more evidence before it of the increase in expense to the wife in terms of specific expenditures. Nonetheless, the principle of *Walck,* that the court may consider inflation and the needs of growing children in determining a support award as being unreasonable in the circumstances, is not in doubt.

The record in the instant case shows that inflation has had its effect in this family situation. The stipulated information concerning the earnings of the parties demonstrates the extent of increase in the general level of prices during the period since this decree was entered in 1977. There was evidence that the trial court could have believed concerning special health needs of these children.

The husband's failure to perform his obligation under the original decree with respect to payment of the second mortgage on the home that was transferred to the wife has undoubtedly exacerbated her financial situation. The mother's assertion of monthly expenses for housing and utilities stands unchallenged. Her testimony also shows an increased need for medical attention for the children not present when the original decree was entered.

Our review of this case is pursuant to Rule 73.01, and governed by the standard of *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976). We will not set aside a decree based upon a review of the weight of the evidence unless we are firmly convinced that the decree of the trial court is erroneous. On this record, there arises no firm conviction that the trial court was in error in increasing the award of child support $35 per month per child. The judgment of the trial court is affirmed.

All concur.