Rise Marie TITZE, Respondent,

v.

Michael Steven CUNNINGHAM, Appellant.

No. WD 34039.

Missouri Court of Appeals, Western District.

Oct. 18, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied Nov. 29, 1983.

J. Michael Murphy, Liberty, for appellant.

Max Von Erdmannsdorff of Von Erdmannsdorff & Zimmerman, Kansas City, for respondent.

Before SOMERVILLE, P.J., and SHANGLER and MANFORD, JJ.

MANFORD, Judge.

This is a direct appeal from an order judgment modifying a decree of dissolution. The cause was heard and judgment entered by the associate circuit court upon assign-

ment by transfer order of the presiding circuit judge.

Appellant-husband presents two points, charging that the trial court erred in entering a modification of the decree of dissolution which (1) ordered an increase in monthly child support payments, because the evidence failed to support a finding of changed circumstances warranting the increase; and (2) awarded respondent attorney's fees.

The marriage of the parties was terminated on January 15, 1976 by a decree of dissolution. Custody of the only child born of the marriage was granted to respondent (wife). Appellant was ordered to pay $110.00 per month as child support. On May 25, 1977, the parties stipulated to an increase of child support to the sum of $145.00 per month. In May, 1979, respondent (wife) filed a second motion to modify the appellant's visitation rights. That modification was dismissed for want of prosecution. On August 6, 1980, respondent filed her third motion to modify, which gave rise to this appeal. On July 23, 1982, the trial court ordered an increase from $145.00 per month to $275.00 per month in child support, to be paid by appellant, along with a change in visitation rights, and payment of $1,200.00 in attorney's fees to respondent's favor.

This appeal only concerns the increased child support and the award of attorney fees. The remainder of the modification stands as ordered by the trial court.

■ Review of this matter is controlled by *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976) and Rule 73.01. A decree of dissolution relative to the child support provisions may be modified "only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable." § 452.370, RSMo 1978. This statutory section was enacted for the purpose of imposing a more strict standard for modification to discourage recurrent and insubstantial motions for modification. *In re Marriage of Cook,* 636 S.W.2d 419, 421 (Mo.App.1982). Changed circumstances to support a modification must be supported and proven by detailed evidence. *Jurgens*

*v. Jurgens,* 616 S.W.2d 567, 568 (Mo.App. 1981). Even though there is proof of changed and continuing circumstances, proof of such must also demonstrate that the prior support order is unreasonable, *Jurgens, supra,* and *Eastes v. Eastes,* 590 S.W.2d 405 (Mo.App.1979), and the burden of proof falls to the moving party. *Kieffer v. Kieffer,* 590 S.W.2d 915 (Mo. banc 1979).

■ The evidence upon this record reveals that respondent, as movant, failed to introduce evidence of a substantial and continuing change of circumstances which renders the prior support unreasonable. She introduced no evidence of expenses for the child at the time of the prior support order, and the only evidence introduced of any specific increases between the time of the prior order and the present was the increase in school tuition. Remaining evidence was unspecific and uncorroborated. It failed to be "clear and unequivocal evidence that the expenses of supporting the child had increased substantially." *Kieffer, supra.* Respondent's testimony consisted of predictable increases which presumably were considered at the time of the prior increase. Neither this court, "nor the trial court can presume they were not anticipated and considered by the court at the time of the original award." *In re Marriage of Johanson,* 569 S.W.2d 337, 338 (Mo.App.1978). This same rule would be applicable to a prior modification such as in the instant case.

The evidence revealed that respondent's income increased nine times from the time of the prior modification to the present action. (Previously, she was an unmarried nursing student receiving $48.00 per week income, plus welfare assistance, and at the time of these proceedings, her income was $430.00 per week. Along with her current husband, she moved from a rental residence at $375.00 per month to a purchased home with a $695.00 monthly payment.) Where a former spouse realized a similar increase in income and was denied an increase in support, see *Wolff v. Wolff,* 628 S.W.2d 923, 924 (Mo.App.1982).

The award of the trial court cannot be justified upon the evidence introduced by respondent. Nor does the rule that the effect of aging and/or inflation justifies an increase apply herein, because there is no evidence upon this record to show that the original child support was insufficient. *In re Marriage of Cook, supra.*

Under *Cook, Wolff, Jurgens, Eastes, Kieffer, Johanson,* and *Murphy v. Carron, supra,* that portion of the court's judgment ordering an increase of child support from $145.00 per month to $275.00 per month cannot stand. That portion of the judgment is reversed.

The remaining issue is appellant's challenge to the award of attorney's fees to respondent.

■ Appellant has failed to disclose to this court precisely what factors the trial court failed to consider in making the award. Appellant intimates financial inability to pay, but that alone is not sufficient to reverse such an award of the trial court. *Kieffer, supra.* Such an award is not held to be an abuse of the trial court's discretion, even if need is not shown. *Zubiena v. Zubiena,* 557 S.W.2d 58 (Mo.App.1977).

■ The record revealed, and the trial court made a finding that respondent had incurred attorney's fees in excess of $1,500.00, and by its order, the trial court directed appellant to pay the sum of $1,200.00 and respondent to pay the balance. There is no showing that the trial court abused its discretion in the award of attorney's fees to respondent. That portion of the judgment is affirmed.

The portion of the trial court judgment ordering an increase in child support payments is reversed. The portion of the trial court judgment awarding attorneys fees to respondent is affirmed.

All concur.