Chyriel Aurlie NISWONGER (now
Chyriel Aurlie Pulley),
Plaintiff-Respondent,

v.

Noah Franklin NISWONGER,
Defendant-Appellant.

No. 48044.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 11, 1984.

Max W. Custer, Jr., St. Louis, for defend-ant-appellant.

Rebecca McDowell Cook, Cape Girar-deau, for plaintiff-respondent.

KAROHL, Judge.

Appellant-husband appeals an October 1983 order modifying and increasing a child support award originally ordered in an April 1977 dissolution decree. Husband contends that wife's evidence failed to prove a change in circumstances and the unreasonableness of the former decree. We agree.

The original decree was entered in April 1977. The present legal file reflects only the wife's income and expense and proper-ty statements filed prior to that decree. The decree granted to wife the custody of three boys who were four, six and ten years of age. Husband was ordered to pay to the wife $133 per month child support for each of the three children.

In April 1982 husband filed a motion to modify requesting custody of the oldest boy. By an amended motion to modify he asked for custody of all three boys. Wife filed an answer requesting a limitation on

husband's temporary custody and visitation and an increase in child support because expenses for the three children had "skyrocketed since the entry of the decree in April 1977."

Both husband and wife have remarried. At the time of the modification hearing husband lived in St. Louis and wife lived in Memphis, Tennessee. At that time the sixteen-year old boy was living with husband and the ten and twelve-year old boys were living with wife.

The court modified the decree and transferred legal custody of the sixteen-year old to husband leaving the younger boys with wife. The court awarded wife the sum of $250 per month child support for each of the younger boys. The husband has appealed the modification of child support.

■ A decree of dissolution relative to child support provisions may be modified "only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable." § 452.370 RSMo Supp.1983; *Donnelly v. Donnelly*, 648 S.W.2d 898, 899–900 (Mo.App.1983); *Titze v. Cunningham*, 661 S.W.2d 623, 624 (Mo.App.1983). Cross-movant wife had the burden of showing a change in circumstances so substantial as to make the terms of the original decree unreasonable. *In re Marriage of Cook*, 636 S.W.2d 419, 421 (Mo.App.1982).

■ Under the standard of *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976) an appellate court can reverse a trial court order if it is against the weight of the evidence, there is no evidence to support it or it erroneously declares or applies the law. Considering that standard and the law set forth in *Cook* and *Donnelly* we reverse. We find no financial records indicating the income and expenses of either husband or wife. Nor are there any expense statements for the children in evidence. When the motion and cross-motion to modify were heard wife anticipated retaining custody of all three boys. In response to a direct examination question,

"Why would you need an increase in child support at this time?" she responded:

Doctor bills, dentist bills, living expenses have all increased in the past seven years, and so that the kids can, can live better than what they have been living as far as having little extras, having necessities, having the things that they, they need.

This answer was the only evidence presented to the trial court to support the request for increased child support. However some further facts are arguably pertinent. The two boys remaining with wife were six years older than at the time of the decree. The increase in the cost of living between 1977 and 1983 cannot be debated. Under the terms of the modification husband shall deliver and reclaim the son residing with him to the home of wife and the wife shall deliver and reclaim the two boys residing with her one weekend each month, and for summer visits. This will require financial expenditures by both parties.

■ No other evidence of change of circumstances or unreasonableness of the decree provision for $133 per month per child child support was presented to the court. Inflation and the accompanying increase in the cost of living may be a consideration in increasing child support. *See Hotchkin v. Weber*, 655 S.W.2d 858, 859–860 (Mo.App. 1983). However in order to sustain her burden of proof wife had the obligation to offer clear and unequivocal evidence that the actual expenses for the support of the children at the time of the modification had increased substantially. *Kieffer v. Kieffer*, 590 S.W.2d 915, 917 (Mo. banc 1979). In *Hotchkin* movant wife described the dollar amount of unpaid medical bills, dental bills and housing expenses which the husband was obligated to pay but had not. *Hotchkin* at 859. In *Kieffer* movant wife offered testimony that monthly expenses had increased from $550 at the time of the divorce to $865 on the date of the modification hearing. *Kieffer* at 917. Here movant relied solely on general propositions that expenses had increased, that the needs of growing children increase with age and

that inflation was a contributing factor. Wife has failed to corroborate the general propositions with any clear and unequivocal evidence of expense for the support of the children from which the trial court could properly determine the amount of increase, if any. As stated in *Walck v. Walck*, 651 S.W.2d 559, 561 (Mo.App.1983) "more proof is required than a mere showing of inflation's effect on goods. Movant has the burden of showing that inflation has rendered the original award unreasonable to support the child. [Citing *Hallums v. Hallums*, 585 S.W.2d 226, 228 (Mo.App.1979).]" In *Walck* there was substantial evidence introduced to support a finding that the existing award was no longer reasonable and the case was remanded for further proceedings. *Walck* at 561. No such substantial evidence was introduced in this case.

Only the provisions of the modification increasing child support have been appealed and only that part of the order is reversed.

REINHARD, C.J., and CRANDALL, J., concur.