Dear Mr. Koupal:
This opinion is in response to your question asking:
 For the purposes of calculating the "expenses to be incurred by the Division" under Section 361.170, should the Division of Finance include the fringe benefits attributable to the Division (the state's share of OASDHI, medical insurance contributions, and retirement fund contributions) or should such fringe benefits be considered "other supporting services furnished by the state", the costs of which are recoverable only through the 15 percent surcharge required by that section?
Section 361.170, RSMo 1978, states:
 1. The expense of every regular and every special examination, together with the expense of administering the banking laws, including salaries, travel expenses, supplies and equipment, shall be paid by the banks and trust companies of the state, and for this purpose the director shall, prior to the beginning of each fiscal year, make an estimate of the expenses to be incurred by the division during such fiscal year. To this, there shall be added an amount equal to fifteen percent of the estimated expenses to pay the costs of rent and other supporting services furnished by the state. From this total amount the director shall deduct the estimated amount of the anticipated annual income to the fund from all sources other than bank or trust company assessments. The director shall allocate and assess the remainder to the several banks and trust companies in the state on the basis of their total assets, as reflected in the last preceding report called for by the director under the provisions of section 361.130. A statement of such assessment shall be sent by the director to each bank and trust company on or before July first. One-half of the amount so assessed to each bank or trust company shall be paid by it to the state director of the department of revenue on or before January fifteenth of the next year.
 2. Any expenses incurred or services performed on account of any bank, trust company or other corporation subject to the provisions of this chapter, outside of the normal expense of any annual or special examination, shall be charged to and paid by the corporation for whom they were incurred or performed. [Emphasis added.]
The Division's primary basis for its determination that the state's share of OASDHI, medical insurance contributions, and retirement fund contributions are not part of the "expense of administering the banking laws, including salaries, travel expenses, supplies and equipment, . . ." is grounded on theexpressio unius est exclusio alterius rule of statutory construction,i.e., the express mention of one thing implies the exclusion of another. The reasoning is that fringe benefits are not part of an employee's salary, and the express mention of salary in the enumeration of expenses of administering the banking laws implies the exclusion of fringe benefits from consideration as one of these expenses.
We find this reasoning flawed because the expressio unius,
etc., canon is not applicable to an enumeration beginning with the word "including". The word "including" is sometimes ambiguous and its meaning may vary according to the context; however, the term is usually one of enlargement rather than of limitation.Kieffer v. Kieffer, 590 S.W.2d 915, 918 (Mo. banc 1979). Construing the term "including salaries" as a part of an illustrative enumeration of the components of the "expense of administering the banking laws", we find that such term is not one of limitation.
Furthermore, fringe benefits appear to be of the character contemplated by the words "expense of administering the banking laws". Section 105.340, RSMo 1978, requires state employees to make OASDHI contributions. Section 104.366.1, RSMo Supp. 1984, prohibits payroll deductions for contributions to the Missouri State Employees' Retirement System, except for certain employee medical insurance contributions provided for in Section 104.515, RSMo Supp. 1984. Employee contributions for OASDHI and medical insurance are part of the salary paid to the employee and are considered part of the "expense of administering the banking laws". The state's share of OASDHI, medical insurance contributions, and retirement fund contributions are of the same character as are employee contributions for these expenses.
Accordingly, we conclude that the state's contributions for fringe benefits are part of the expense of administering the banking laws under Section 361.170, RSMo 1978.
Yours very truly,
 WILLIAM L. WEBSTER Attorney General