**Donald Lee FARRIS, Respondent,**

v.

**Marilyn Lou FARRIS, Appellant.**

No. WD 38763.

Missouri Court of Appeals, Western District.

July 14, 1987.

---

**820**

Mitchell J. Moore, Barbara Hoppe Eldred, Columbia, for appellant.

Betty K. Wilson, Columbia, for respondent.

Before SHANGLER, P.J., and PRITCHARD and MANFORD, JJ.

MANFORD, Judge.

The father instituted this dissolution decree modification action, seeking an award of support for the two minor children in his custody and termination of his maintenance obligation to the mother. The mother responded by requesting custody of the children and an award of child support.

The trial court found that the evidence failed to warrant either termination of maintenance or transfer of custody but it awarded the father child support in the amount of $100 per month per child. The mother has appealed and, for the reasons set forth below, that portion of the judgment awarding child support must be reversed.

Appellant raises two points on appeal, which may be stated as one, and charges that the trial court erred in granting an award of child support because there was no evidence of an increase in expenses for the support of the children.

The parties' marriage was dissolved on August 9, 1984, and custody of the two minor children (a son born November 8, 1970, and a daughter born December 22, 1972) was awarded to the father. There was no provision for child support in the original decree and the mother was awarded $300 monthly maintenance.

Shortly after the decree was entered, the father sustained serious physical injuries in a motorcycle accident and he was unable to work for almost a year. He did not seek to modify the dissolution decree, however, until some five months after he returned to work. In its decision of July 2, 1986, the trial court found that the father had returned to work at a pay rate comparable to that which he received at the time of the decree and that, accordingly, he had failed to show a substantial change in circumstances that would justify relieving him of

the maintenance obligation. On the other hand, based on findings that the children were older and that it is more expensive to care for older children, the trial court concluded that the father was now entitled to an award of child support.

■ In determining whether the trial court erred in granting the modification, this court applies the standard of review set forth in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Therefore, the judgment must be affirmed unless it is not supported by substantial evidence, it is against the weight of the evidence or it erroneously declares or applies the law. *Crooks v. Crooks*, 666 S.W.2d 33, 34 (Mo. App.1984).

■ A party seeking modification of child support must show changed circumstances so substantial and continuing as to make the terms of the existing decree unreasonable. *Moran v. Moran*, 681 S.W.2d 510, 512 (Mo.App.1984); § 452.370.1, RSMo 1986. Here, as reflected by the trial court's refusal to modify the maintenance award, the record failed to demonstrate a substantial, continuing change in the parties' financial circumstances relative to each other. Thus, the only possible basis for the modification was an increase in the children's expenses.

■ It is now well established that Missouri courts are willing to consider inflationary trends and the needs of growing children in modification proceedings. *Kieffer v. Kieffer*, 590 S.W.2d 915, 917 (Mo. banc 1979); *Bewig v. Bewig*, 708 S.W.2d 769, 770 (Mo.App.1986); *Walck v. Walck*, 651 S.W.2d 559, 561 (Mo.App.1983); *Cooperman v. Holdinghausen*, 629 S.W.2d 489, 490 (Mo.App.1981); *In re Marriage of Johanson*, 569 S.W.2d 337, 338 (Mo.App. 1978); *Plattner v. Plattner*, 567 S.W.2d 139, 142 (Mo.App.1978); *Morris v. Morris*, 549 S.W.2d 363, 365 (Mo.App.1977). However, as noted in *Johanson, supra*, at 338, inasmuch as aging and inflation are, respectively, inevitable and predictable, it is presumed that such factors are considered in making the original award. Therefore, to warrant modification, evidence must be introduced to show that the original award is insufficient to provide for the children's current needs. This burden is not met, particularly where the time between the original award and the modification is relatively short, by simply testifying as to predictable general increases in expenses. *Id.*

■ In the case at bar, there was no evidence of the children's increased needs. In fact, except for a reference to certain child care expenses which are no longer being incurred, the record is barren of any evidence of expenses specifically attributable to the minor children. Where modification was sought less than two years after the original decree, such evidence was essential.

The award of child support was not supported by the evidence and that portion of the judgment must be reversed. The remainder of the judgment is affirmed.

All concur.