AMERICAN FEDERATION OF SCHOOL ADMINISTRATORS, AFL–CIO, LO-CAL 44, et al., Plaintiffs-Appellants,

v.

ST. LOUIS PUBLIC SCHOOLS ST. LOUIS, Missouri, et al., Defendants-Respondents.

No. 47335.

Missouri Court of Appeals, Eastern District, Division Two.

Jan. 31, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 8, 1984. Application to Transfer Denied April 16, 1984.

Diekemper, Hammond & Shinners, Clayton, for plaintiffs-appellants.

Lashly, Caruthers, Baer & Hamel, St. Louis, for defendants-respondents.

PUDLOWSKI, Judge.

Appellants, public school administrators, brought this action for declaratory judgment and injunctive relief after respondent Board of Education of the City of St. Louis reduced the number of school employees. The trial court entered judgment in favor of respondents. Appellants maintain the trial court erred in its interpretations of RSMo § 168.221.5 (1978) and RSMo § 168.-251-.291 (1978).[1] We affirm.

Appellant American Federation of School Administrators, AFL–CIO Local 44, is an unincorporated association of employees of the St. Louis Public Schools. The individually named appellants are members of Local 44. Respondents are the St. Louis Public Schools, the Board of Education of the City of St. Louis and the individual members of the Board of Education.

Appellants brought this action as individuals and as representatives of a class of all St. Louis Public School Administrators. The 362 administrators were administrative assistants, assistant directors, assistant principals, coordinators, divisional assistants, facilitators, managers, statisticians, executive directors, supervisors, unit directors, personnel managers and divisional directors. The employees performed mainly administrative and supervisory tasks and did not work primarily in the classrooms. Most of the appellants have teachers' certificates, although some of them do not.

Appellants challenge the manner in which they were selected for assigned positions remaining after the Board of Education's reduction in staff during the 1982–83 school year. The board made the reductions because of serious budgetary problems in the schools.

The board used different procedures to reduce the number of employees depending on the classifications of their positions. The board used a seniority system in retaining tenured teachers who were teaching or who had teaching certificates on file. The board also used a seniority system to determine which principals and which non-certificated employees would be retained.

At issue in this case is the procedure used to reduce the number of employees in administrative positions. Assignments of administrators to their 1982–83 positions were not determined solely on the basis of seniority in their particular *administrative* positions. The board issued a policy statement saying it would consider an administrator's "experience in present position, total experience in administrative positions within the St. Louis Public Schools, seniority in the school system and quality of experience."

The parties stipulated assignments to some of the positions would have been different if they had been based solely on an administrator's seniority in a particular administrative position. In some cases, employees received lower salaries in 1982–83 than in 1981–82 because of the re-assignments.

Administrators who had teaching certificates and who were not assigned to administrative positions in 1982–83 were considered in the same group as classroom

1. These sections of the Chapter 168 (Personnel-teachers and others) pertain to the metropolitan School District.

teachers in determining which teachers would be retained. The Board of Education included the administrators' years of service as administrators to calculate their total years of service as teachers. The evidence showed, for example, a person with five years of service as a teacher followed by five years of service as an administrator was credited with ten years of service as a teacher in determining whether that person would be placed on leave of absence from the school system. All but three of the administrators who had teaching certificates were offered positions as teachers for 1982–83. The three exceptions were placed on leaves of absence because their total years of credit as teachers were not sufficient to avoid economic layoffs as teachers.

The board followed the same procedure for non-certificated administrators. Their years of service as administrators were added to their years of service as non-certificated employees to determine their total years of service as non-certificated employees. Twelve administrators were laid off because their total years of service as non-certificated employees were insufficient to avoid an economic layoff as non-certificated employees.

Appellants sought a judgment declaring the relevant statutes mandate any reduction in the number of administrators must be by inverse order of appointment to the administrative positions. Appellants also sought to enjoin respondents from using the procedures they had adopted. The trial court denied the relief sought by appellants and this appeal follows.

Appellants' first point claims the trial court erred in concluding appellants are not teachers within the meaning of RSMo § 168.221.5 (1978). Appellants allege the Board of Education, in reducing the force of administrators, violated Section 168.221.5; which provides:

Whenever it is necessary to decrease the number of *teachers or principals*, or both, because of insufficient funds or a

substantial decrease of pupil population within the school district, the board of education upon recommendation of the superintendent of schools may cause the necessary number of teachers or principals, or both, beginning with those serving probationary periods, to be placed on leave of absence without pay, but only in the inverse order of their appointment. Nothing herein stated shall prevent a readjustment by the board of education of existing salary schedules.... (emphasis added).

By its terms, the statute applies to "teachers" and "principals."[2] The administrators did not teach. Instead, appellants acted in administrative and supervisory capacities.

Statutory terms are to be given their plain meanings. *Kieffer v. Kieffer*, 590 S.W.2d 915, 918 (Mo. banc 1979). Section 168.221.5, which by its terms applies to "teachers," does not apply to appellants. There is no justification for construing the legislature's use of the word "teacher" to mean teachers *and administrators*. This is especially true in view of the fact some of the administrators do not have teaching certificates.

Appellants' assertion the Missouri legislature must have meant for all administrators to be included with "teachers" under Section 168.221.5 is without merit. If appellants were correct, the legislature presumably would have used the phrase "administrator" or required all administrators to have certificates. The statute is void of either provision.

Appellants have modified their argument somewhat on appeal and are arguing "teachers" as used in the statute should apply to those administrators in the class who have teaching certificates. Respondents correctly point out the original plaintiff class was composed of all administrators, whether or not they had certificates. Appellants argue, however, that by the time the case came to trial, the only issues

**2.** The parties have stipulated the Board of Education recognized all principals as coming within RSMo § 168.221.5 (1978) and this suit does not involve the rights of any principal.

remaining for resolution related to the reduction in the number of certificated administrators. Appellants note that a stipulation between the parties stated noncertificated employees, including administrators, had been accorded seniority during the staff reductions. Appellants argue the reductions in noncertificated administrators, therefore, were accomplished in the very manner they had urged. The same stipulation between the parties, however, made clear the class consisted of both certificated and noncertificated administrators. The trial court's finding and judgment dealt with the class on that basis. We, too, must take appellants' class as we find it. There is nothing in the record to indicate that the non-certificated administrators were abandoned from the class.

Appellants contend an "absurd result" was reached by giving the term "teacher" in Section 168.221.5 its ordinary meaning because under this interpretation teachers and non-certificated employees have tenure but administrators do not. We reject this contention. In the cases of administrators who had teaching certificates and were not assigned to administrative positions for the 1982–83 school year, the Board of Education included their years of service as administrators to calculate their total years of service as teachers. The board followed the same practice for non-certificated administrators.

The legislature, through RSMo Chapter 168 has established three types of employees: (1) "teachers," (2) "non-certificated employees" and (3) "certificated employees." The legislature's use of the term "certificated employees," rather than "teachers" at Sections 168.251 and .261 demonstrates the legislature does not regard the two terms as synonymous. The

trial court, in concluding the term "teachers" does not encompass administrators, correctly followed recognized principles of statutory construction and gave the terms of the statutes their plain meanings.

Appellants further maintain St. Louis Board of Education Regulation 5030 has the effect of affording administrators the status of "teachers" under Section 168.221.5. Regulation 5030 provides:

> The appointment, probationary period, tenure, suspension, termination, demotion and promotion of teachers, principals and other certificated employees shall be governed by Missouri law, Section 168.221, R.S.Mo.1969. All appointments and promotions of certificated employees shall be made upon the basis of merit, to be ascertained, as far as practicable in cases of promotion, by length and character of service.

■ We recognize that a school board regulation cannot give employees rights they do not have by statute. *Hudson v. Marshall*, 549 S.W.2d 147, 152–153 (Mo. App.1977). In *Hudson*, our brothers in Springfield held an administrator did not teach and, therefore, should not be considered a "teacher" entitled to tenure under the Teacher Tenure Act, RSMo § 168.102–.130 (1978) *Id.* at 153–154.[3] St. Louis Board of Education Rule 1008 also makes it clear other regulations cannot be construed to afford employees rights they do not have by statute. Rule 1008 states:

> The policies, Rules and Regulations of the Board of Education of the City of St. Louis are intended to be consistent with the statutory powers vested in the Board in the St. Louis Public School System. They are not intended to infringe upon that statutory authority in any way. To

---

**3.** Teacher is not defined in the sections of RSMo Chapter 168 that apply to metropolitan school districts, including respondents. "Teacher" is defined at Section 168.104(7) of the Teacher Tenure Act. That section specifically excludes "any other persons regularly performing supervisory functions as their primary duty," i.e., administrators. Appellants argue the legislature's failure to specifically exclude administrators when it used the word "teachers" at RSMo

§ 168.221.5 establishes the legislature intended to include administrators as "teachers" in that statute. This argument is without merit. The legislature did not attempt to define the term "teacher" as used at Section 168.221.5. Thus, it cannot be argued that something is missing from that definition. In addition, the legislature enacted the Teacher Tenure Act six years *after* it enacted Section 168.221.5.

the extent that any policy, Rule or Regulation purports to restrict the Board of Education's power to act, such provision shall be deemed void and of no effect.

We conclude the trial court did not err and respondent's actions were proper.

Appellant's second point claims the trial court erred in holding Section 168.221.5 applies only to leaves of absence and requires the use of system-wide seniority rather than positional seniority in determining which employees should be placed on leaves of absence. The trial court concluded even if appellants were "teachers" within the meaning of Section 168.221.5, the procedures used by the Board of Education did not violate the statute. We need not address this point, as our holding above that the statute does not apply to appellants is fully dispositive of the issue.

■ Appellants' alternative position, argued in point three, is if they are not "teachers" under Section 168.221.5, they must be "non-certificated employees" under RSMo § 168.251–.291 (1978). Under Section 168.291, the board may place employees on leaves of absence without pay only in the inverse order of their appointments. Section 168.251 states: "The word 'employee' or 'employees' as used in this section means all employees, male or female, *except certificated employees*." (emphasis added).

The trial court found administrators are not employees within the meaning of Sections 168.251–.291 because Section 168.251 specifically excludes "certificated employees."

Most of the administrators have certificates. If we accepted appellants' modified definition of the class, all of the appellants have certificates. Appellants argue, however, that even those administrators who have certificates are not "certificated employees" because they were not required by statute to have certificates for those particular administrative jobs. Appellants' argument is illogical and without merit. This court cannot read such a meaning into the plain and unambiguous language of the statute.

■ Appellants argue if administrators are not "teachers" under Section 168.221.5 and are not "non-certificated employees" under Sections 168.251–.291, they are left without protection. This is not so. During the staff reductions, administrators with teaching certificates were given seniority when compared with other teachers to determine who would be retained. Administrators without certificates were accorded seniority in determining which non-certificated employees would be retained. Appellants, therefore, were not left without statutory protection. They simply were not recognized as having statutory tenure rights to their administrative positions. This result is consistent with a plain reading of the statutes.

■ Appellants would have this court treat all administrators as non-certificated employees notwithstanding the fact the majority of them have state-issued teaching certificates. Or, appellants would have us treat all administrators as teachers when some of them do not have teaching certificates and none of them teachers. There is no basis in the statutes for concluding the legislature intended such a result. When the language of a statute is unambiguous and conveys a plain and definite meaning, the courts have no business foraging among the rules of statutory construction to look for or impose another meaning. *Hudson*, 549 S.W.2d at 151–152 *citing DePoortere v. Commercial Credit Corp.*, 500 S.W.2d 724, 727 (Mo.App.1973).

Appellants insist the legislature could not have intended administrators to fall between the cracks and not be protected as either "teachers" or "non-certificated employees." We cannot discern the legislature's intention. However, we note that the legislature did provide the Board of Education the authority and discretion in making the assignments of administrative personnel. RSMo § 162.621 provides:

The board of education shall have general and supervising control, government and management of the public schools

and public school property of the district in the city and shall exercise generally all powers in the administration of the public school system therein. It shall appoint the officers, agents and employees it deems necessary and proper and fix their compensation.

and we can only conclude that the legislature intended the Board of Education to work within the framework of RSMo §§ 162.221.5 and 168.251–.291.

Appellants' fourth point alleges the trial court erred in concluding Section 168.291 applies only to layoffs and not to reassignments. We do not address this point because our holding under point one is fully dispositive of the issue.

We find the Board of Education was acting within its statutory authority in implementing the reduction in staff procedures complained of by appellants. The judgment is affirmed.

CRIST, P.J., and SIMON, J., concur.