# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3762

_____

| | | |
|---|---|---|
| Louis C. Cross, III, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| Cleveland Hammonds, Jr., | * | Appeal from the United States |
| Superintendent of Schools of the | * | District Court for the |
| Board of Education of the City of | * | Eastern District of Missouri. |
| St. Louis; Board of Education for the | * | |
| City of St. Louis; Personnel | * | |
| Committee of the Board of | * | |
| Education of the City of St. Louis, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: June 16, 2000
Filed: August 22, 2000

_____

Before BOWMAN and MORRIS SHEPPARD ARNOLD, Circuit Judges, and
O'BRIEN,[1] District Judge.

_____

BOWMAN, Circuit Judge.

_____

[1]The Honorable Donald E. O'Brien, United States District Judge for the Northern District of Iowa, sitting by designation.

Louis C. Cross, III, appeals the District Court[2] order granting summary judgment to Superintendent Cleveland Hammonds, Jr., the Board of Education of the City of St. Louis, and the Personnel Committee of the Board of Education (collectively, the Board) in this 42 U.S.C. § 1983 action alleging that the Board violated Cross's due process rights in assigning him to a ten-month guidance counselor position after he took a leave of absence from his position as a twelve-month guidance counselor position and in failing to hold a hearing prior to the assignment. We affirm.[3]

The relevant facts are undisputed. Cross is certified by the State of Missouri to serve as a guidance counselor in public schools. In July 1993, Cross took a leave of absence from his job as a twelve-month guidance counselor for the St. Louis City School District in order to serve as president of the St. Louis Teachers Union, Local 420. In his absence, the Board filled the twelve-month guidance counselor position, which was the only such position within the St. Louis City School District. Four years later, Cross's term as president of Local 420 ended, and he applied for reinstatement to his position. Because the only twelve-month position was filled, Cross was assigned to a ten-month guidance counselor position. Both positions pay the same biweekly salary, but the ten-month position has a proportionally smaller (10/12) annual salary than the twelve-month position.

Cross's due process claim has both a substantive and a procedural component. Substantively, Cross claims that he has a due process right to reinstatement to his twelve-month guidance counselor position by virtue of the historical practice of the District in reinstating Union presidents to their prior position. Procedurally, Cross

---

[2] The Honorable Jean C. Hamilton, Chief Judge, United States District Court for the Eastern District of Missouri.

[3] Like the District Court, we do not reach Cross's claim that he is entitled to punitive damages. Given the result of this appeal, the issue is moot.

claims that he has a due process right to a hearing under Mo. Rev. Stat. § 168.281 (1994). Our review is de novo.

While it is true that a constitutionally protected property interest may arise based on historical employment practices, the interest must be based on a "mutually explicit understanding," not just a unilateral expectation. Hughes v. Whitmer, 714 F.2d 1407, 1414 (8th Cir. 1983), cert. denied, 465 U.S. 1023 (1984). Here, the Board's understanding of that interest was embodied in their Regulation R4620, which stated, "[U]pon the expiration of an extended leave of absence with or without pay, the employee may be reinstated to the position he/she occupied at the time the leave was granted or one for which he/she is qualified . . . ." (emphasis added). Further, the historical practices that Cross points to actually reinforces the Board's understanding: Although three of the past Union presidents were reinstated to their prior postions, one former president, whose prior position was classroom teacher, was assigned to a counselor position after her leave of absence. In short, we believe that Cross's expectation, to be reinstated to exactly the same position in which he had served, is contradicted both by the historical practice and the Board's Regulation. Therefore, Cross's substantive claim must fail.

Cross's bases his claim to a hearing on Mo. Rev. Stat. § 168.281, which requires that a hearing be held prior to the removal, suspension, demotion, or salary reduction of a permanent, noncertificated employee. Because Cross is a certified guidance counselor, however, § 168.281 does not apply to him. Moreover, Cross is not entitled to a hearing under § 168.221, which provides the right to a hearing for teachers and principals. Instead, Cross belongs to that narrow class of school employees for which Missouri law provides no right to a due process hearing. See American Fed'n of Sch. Adm'rs, AFL-CIO v. St. Louis Pub. Sch., 666 S.W.2d 873 (Mo. Ct. App. 1984) (holding that neither § 168.221 nor § 168.281 applies to certificated school administrators). Accordingly, Cross's procedural claim fails as well.

AFFIRMED.

A true copy.

      Attest:

              CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.