**Antoinette M. MORAN,
Petitioner-Respondent,**

v.

**Dennis S. MORAN,
Respondent-Appellant.**

No. 48338.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 20, 1984.

Stephen O. Smith, St. Louis, for respondent-appellant.

Edward C. Cody, St. Louis, for petitioner-respondent.

PUDLOWSKI, Presiding Judge.

Husband appeals from an order modifying the provisions of a dissolution decree.[1] We affirm.

In the initial decree, entered in 1972, wife was awarded custody of the four minor children, husband was ordered to pay $25 per week per child in child support and $50 per week in maintenance. In September 1983, wife filed a motion to modify alleging that since the decree of dissolution, the general cost of living had increased substantially, the children had grown older with a corresponding increase in their needs, and the financial circumstances of husband had improved, rendering the terms of the decree unreasonable. Husband filed a cross motion to modify also alleging a change in circumstances and requested that the award of maintenance be eliminated and child support reduced.

After a hearing, the trial court increased child support for one child to $75.00 per week and $175.00 per week for the other minor child. The maintenance payment of $50 per week was eliminated but the the court in its order, "[retained] jurisdiction over the question of maintenance." The court also awarded wife $5,000 in attorney's fees.

Only husband has appealed from the order. In his first point on appeal, husband contends that the trial court erred in increasing child support. At the time of the decree in 1972, wife was not employed. However, at the time of the modification proceeding, she was employed at an advertising agency earning $27,500.00 a year. Two of the four children were emancipated. However, Bridgett, age 14, and Dennis, age

19, were not. Bridgett needed substantial dental work at the time of the hearing. According to wife's income and expense statement in 1983 it cost nearly $1,500.00 a month to support the two minor children without allocating any amount to the children's support for the household expenses totaling $1,500.00 a month. Wife owned two cars; a 1977 Chevrolet Caprice valued at $1,000 and a 1981 Oldsmobile with an equity of $300. She owned a life insurance policy with no cash value and a checking account with $300. She had no other assets and had substantial bills.

In 1972, husband was earning approximately $18,000.00 a year. At the time of the modification hearing in 1984, he was a vice president of A.G. Edwards, Inc. His gross income for 1983 was $97,000 which included a $27,000 one-time finder's fee. Husband owned a condominium with an equity of $20,000; a margin account with A.G. Edwards with a value of more than $24,000.00; a profit sharing plan with a value of over $75,000.00; an IRA with a value of $4,000.00. He also owned a 1982 Mazda sports car with an equity of $4,500.00.

It is axiomatic that the provisions regarding child support may be modified only upon a showing of changed circumstances so substantial and continuing as to make the terms of the original decree unreasonable. Section 452.370 RSMo Supp. 1983. The burden is upon the party seeking modification to establish changed circumstances. *Seelig v. Seelig*, 540 S.W.2d 142, 145 (Mo.App.1976).

Husband contends that wife introduced no evidence of the expenses required to support the children in 1972 and thus there was no basis upon which the court could determine the 1972 decree had become unreasonable. We acknowledge there is scant evidence in the record of the children's expenses in 1972 and such a record should have been made. However, the absence of such evidence is not grounds for reversal in this case. Husband

1. Husband's motion to strike wife's brief is denied.

admitted that it costs more to raise a child in 1984 than it did in 1972 when he was first ordered to pay $25.00 per week per child in support. The fact that the children had become adolescents with a corresponding increase in their needs, the ravages of inflation over the past twelve years as well as husband's substantial increase in salary could well support a finding of changed circumstances. *Morris v. Morris,* 549 S.W.2d 363, 365 (Mo.App.1977); *Donnelly v. Donnelly,* 648 S.W.2d 898 (Mo.App. 1983).

■ More importantly, husband, in his cross motion to modify alleged a substantial and material change in circumstances and his attorney at the close of the evidence requested the judge to *increase* child support. Thus by filing and pursuing his own motion to modify child support and requesting an increase in child support, husband has admitted changed circumstances so as to invoke the jurisdiction of the court to resurvey the entire matter with reference to and emphasis upon the welfare of the children. *Williams v. Williams,* 542 S.W.2d 563, 566 (Mo.App.1976). He is in no position now to allege a lack of changed circumstances.

■ The amount of support set by the trial court is subject to review only to determine whether there has been an abuse of discretion or an erroneous application of the law. *Morris v. Morris,* 549 S.W.2d 363, 365 (Mo.App.1977). Husband conceded that he can afford the payments. Even discounting some of wife's expenses about which husband complains, it appears that the reasonable needs of the children exceed the approximate amount of $1,000 a month in support awarded. Husband points out that wife's earning capacity has increased substantially from 1972 to 1984. Indeed it has, but she will still bear a portion of the children's support. *See Donnelly v. Donnelly,* 648 S.W.2d 898 (Mo.App.1983). Under these circumstances, we find no abuse of discretion.

In husband's second point on appeal, he alleges the trial court erred in reserving jurisdiction over maintenance in the order. We find no merit to this point.

The record establishes that after the divorce wife secured employment as a teacher's aid. She thereafter worked as an administrative assistant for the Missouri Department of Commerce and Industrial Development and then as a program supervisor for the Missouri Department of Agriculture. In 1981 she went to work for the Advertising Club of Kansas City for $22,-500.00 per year. In July 1983 she was hired as Director of Public Relations and Special Events for an advertising agency at the salary of $27,500.00. Her job entailed the development of new business for the agency based on prior contacts developed while working at the Advertising Club of Kansas City. According to Exhibit 7, admitted into evidence, the President of the agency stated that her position was a new concept with which the agency was experimenting and which was to be evaluated at the end of one year. After approximately six months in the position she had not generated any new business. Based upon this evidence, the trial court terminated maintenance but reserved jurisdiction over the issue.

It has been suggested that if in a ruling on a motion to modify a court eliminates all maintenance and fails to retain jurisdiction over that subject the right to ask for future reinstatement of maintenance is foreclosed even if circumstances change. *Bellamy v. Bellamy,* 572 S.W.2d 220, 221 (Mo. App.1978). *See* 24 Am.Jur.2d Divorce § 699, pp. 687–88. However, our research has disclosed no Missouri case which has expressly so held.

Where there is evidence that the circumstances of the parties may change, the appellate courts have not hesitated to require that an order terminating maintenance based on a motion to modify also reserve jurisdiction over the question. *Bellamy v. Bellamy,* 572 S.W.2d 220 (Mo.App. 1978) (husband had lost his job but was actively seeking employment), *Carrell v. Carrell,* 503 S.W.2d 48 (Mo.App.1973) (wife was 62 and in need of future medical care).

Here, wife's current position was a new one for her employer. Her continued employment depended on her bringing new business to the firm, in which she had been singularly unsuccessful. Based upon this record the trial court could have concluded wife's job security was tenuous. Accordingly the trial court committed no error in reserving jurisdiction over the issue of maintenance.

In husband's last point, he alleges the court erred in awarding wife attorney's fees. Wife incurred over $7,500 in attorney's fees, of which the husband was ordered to pay $5,000.00. We find no abuse of discretion.

Affirmed.

GAERTNER and KAROHL, JJ., concur.