In re the Marriage of Elaine G.
BEWIG and John P. Bewig,
Plaintiff-Respondent,

v.

John P. BEWIG, Defendant-Appellant.

No. 50085.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 8, 1986.

Edward A. Stierberger, Jonathan Lloyd
Downard, Union, for defendant-appellant.

John C. Maxwell, St. Charles, for plain-
tiff-respondent.

KAROHL, Presiding Judge.

Husband appeals order modifying disso-
lution decree entered by the Circuit Court
of St. Charles County granting wife addi-

tional child support and health insurance coverage. We affirm.

Husband and wife were divorced by decree entered January 21, 1981. The original decree granted wife custody of both children of the marriage; two girls born January 24, 1971, and March 4, 1974. Maintenance was waived. Husband was ordered to pay $35.00 per week for each child and was granted visitation on alternate weekends, alternate holidays and for two weeks during the summer. The child support was an agreed figure approved by the court.

In July 1983, wife filed a motion to modify, later dismissed without prejudice by a signed stipulation dated March 29, 1984. The same stipulation provided for dismissal with prejudice of a separate suit between the parties involving the sale of a jointly owned boat. The signed stipulation, which reaffirmed the terms of the dissolution decree, was not submitted to the court in this dissolution case.

Wife filed a second motion to modify on June 29, 1984, alleging changed circumstances and seeking increased child support. Husband filed a cross-motion to modify also alleging changed circumstances and requesting custody.

The trial court denied husband's cross-motion, increased the weekly child support obligation to $60.00 per week per child and also ordered husband to procur adequate medical and dental insurance and pay any excess health costs. The court also granted wife attorney fees of $1,250. Husband appeals the increased awards and refusal of evidence to support his motion for change of custody.

■ Husband's first point on appeal asserts the trial court erred by increasing child support, ordering him to pay the childrens' medical insurance and holding him responsible for wife's attorney fees, because the evidence did not support the requisite finding of changed circumstances. Wife bases her claim for increased support upon inflation, her childrens' increased ages and her desire to send her children to private parochial school. The children were seven and ten at the time of dissolution and nearly eleven and fourteen at the time of modification.

Child support provisions may be altered only upon a showing of changed circumstances so substantial and continuing as to make the terms of the original decree unreasonable. § 452.370 RSMo Cum.Supp. 1983. The determination of the trial court must stand unless it is against the weight of the evidence, erroneously declares or applies the law, or unless there is no substantial evidence to support it. *Hoffman v. Hoffman*, 676 S.W.2d 817, 822 (Mo. banc 1984). Courts are willing to consider inflationary trends and the needs of growing children if wife can demonstrate that such conditions render the original award unreasonable. *Walck v. Walck*, 651 S.W.2d 559, 561 (Mo.App.1983). Wife can prove an original award unreasonable by introducing evidence showing the award insufficient to provide for the present needs of the children. *In re Marriage of Johansen*, 569 S.W.2d 337, 338 (Mo.App.1978). We find that wife has met her burden of proof and the increased child support payments are affirmed.

Evidence introduced at trial sufficient to support the trial court decision is as follows: At the time of the dissolution in 1981 husband worked for Max Factor and reported a monthly net income of $992.76. He maintained medical insurance through his employer which covered the children. Wife worked as a school teacher earning $12,000 yearly.

Husband left Max Factor to begin a Snap-on Tool distributorship in 1981. He has since remarried. Husband's employee insurance coverage ended when he left Max Factor, and wife testified that she now pays for medical insurance for the children. Wife's teaching position was apparently eliminated in 1982. Thereafter she has held seven different jobs with intermittent unemployment lasting as long as fourteen months. Apparently wife did not leave her jobs voluntarily, instead her positions were eliminated from budgetary con-

siderations. While unemployed, wife supplemented her child support with food stamps and gifts from her parents. Her parents continue these gifts to the present, which included $60.00 monthly interest derived from a certificate of deposit which was used for private parochial school tuition for the eldest child. Wife indicated that her earning capacity is not reduced, that she was looking for work and had several interviews although her annual income has fallen $600 per month from previous years due to her intermittent unemployment.

Husband's annual gross income in 1981 when divorced was $16,000. He estimated at trial that his 1984 annual income ranged from $4,200 to $32,100 although his brief only admits $110 in annual increased income from 1981. The trial court took notice of husband's federal and state income tax returns for 1981 through 1983 in determining his ability to pay the present awards. Husband deducted certain living expenses from his business income because he worked at his home. The modification hearing began on January 16, 1985. At that time wife testified that husband had made no child support payments after September 30, 1984. When the hearing was resumed on March 19, 1985, wife acknowledged that husband was then current on child support payments under the original decree of dissolution.

On the issue of change in circumstances and need, wife testified that the cost of food and clothing for the children had increased especially because of their needs and sizes. She testified to needing an additional $200 to $300 per month. The court granted an increase of $25.00 per week per child which was on the low side of this evidence. Accordingly, there was evidence to support a change in financial need and a determination that the sum of $60.00 per week per child, a total of $520 per month, was needed to support the two children. Husband's first point is denied. *Waleck*, 651 S.W.2d at 561.

■ We also find that wife has met her burden of proving changed circumstances as to the childrens' medical and dental insurance. Husband had employee insurance benefits, which included his children, when the marriage was dissolved in 1981. He later became self-employed and lost these benefits, which was not contemplated by the parties or the trial court in formulating the original decree. As wife has met her burden of proof, we defer to the order of the trial court regarding husband's obligation to procur medical and dental insurance and to pay any related expenses not so covered.

■ Wife argues that husband admitted the fact of changed circumstances by filing his cross-motion to modify and so cannot attack the order by denying changed circumstances now, citing, *Moran v. Moran*, 681 S.W.2d 510, 513 (Mo.App. 1984). We disagree. In *Moran*, wife filed a motion to modify requesting increased child support and husband filed a cross-motion also alleging changed circumstances and requesting reduced child support and eliminated maintenance. Husband was later precluded from denying changed circumstances when the court awarded the increased child support. *Moran* is distinguishable from this case where husband filed his cross-motion to modify seeking a change in custody and alleging a change in *custodial* circumstances. The circumstances bearing on custody are quite different from those relating to child support obligations, as the former include considerations of home life while the latter involve need and ability to pay. Husband may assert changed circumstances bearing on custody and still deny changed financial circumstances.

■ Finally, we affirm the trial court's award of attorney fees to wife, because it has considerable discretion in these awards and the award is not clearly an abuse of discretion. *Telge v. Telge*, 677 S.W.2d 403, 407 (Mo.App.1984).

■ Husband's second point on appeal argues that it was error for the trial court not to limit evidence on changed circumstances from the period between March 29,

1984 and June 29, 1984, because the parties had signed a written stipulation dismissing without prejudice wife's first motion to modify on March 29, 1984. This argument fails because the written stipulation executed between the parties never became part of a final court order. *State ex rel. Div. of Family Services v. Ruble*, 684 S.W.2d 949 (Mo.App.1985). The court is free to hear evidence on changed circumstances since the last modification order or, if none, since the original decree. *Foster v. Foster*, 673 S.W.2d 108 (Mo.App.1984). We note that the written stipulation is only "some evidence ... of what the parties considered reasonable." *Houston v. Snyder*, 440 S.W.2d 156, 159 (Mo.App.1969). The stipulation and dismissal was expressly without prejudice as to this action. If husband's position were sound, prejudice must occur. There was no prejudice. Further, the stipulation is not binding on the trial court. Point denied.

■ Finally, husband asserts trial court error by not permitting him to question wife on seventeen police calls for assault placed from her house between September 27, 1981 and January 1, 1985, as bearing on his motion for change of child custody.

On direct examination of wife Elaine Bewig by husband's attorney, the testimony reads as follows:

Q If I told you there were seventeen calls that the police had of record at your home since September 27th of '81 to January 1st of '85, would that be accurate as far as you're concerned?

ATTORNEY FOR WIFE: Objection, irrelevant, your Honor.

ATTORNEY FOR HUSBAND: It's not irrelevant. It shows what type of home these children are in.

THE COURT: Sustained.

Q Could you explain to me why you called the police on August 10th of '83 for assault at 2:13 in the morning?

ATTORNEY FOR WIFE: Your Honor, again I'll reiterate my objection. This is irrelevant and it's not a proper way. If he has something to prove by domestic quarrel disputes, this is not the way to do it.

THE COURT: Sustained.

This testimony nowhere indicates any offer of proof and so is not preserved for our review. "An offer of proof must demonstrate the relevancy of the testimony offered, must be specific and must be definite." *Weinbaum v. Weinbaum*, 679 S.W.2d 384, 389 (Mo.App.1984), *citing, Karashin v. Haggard Hauling and Rigging, Inc.*, 653 S.W.2d 203, 205 (Mo. banc 1983). Point denied.

SIMON and GAERTNER, JJ., concur.