**Cynthia D. FELLNER, Respondent,**

v.

**Thomas G. FELLNER, Appellant.**

**No. 50585.**

Missouri Court of Appeals,
Eastern District,
Division Nine.

Sept. 2, 1986.

Gray, Stewart & Clarkin, John B. Gray, Clayton, for appellant.

W. Dudley McCarter, Suelthaus, Kaplan, Cunningham, Yates, Fitzsimmons & Wright, St. Louis, for respondent.

CRIST, Judge.

Father appeals from both the sustentation of mother's motion to modify child support and from awards of attorney fees incurred in conjunction with the modification and subsequent appeal. We affirm.

The August 23, 1982 decree of dissolution provided for child support of $50 per week for each of the parties' two sons. On August 21, 1985, the trial court modified the decree and increased the award to $57.50 per week per child. Additionally, father was ordered to pay $1,250 in mother's attorney fees for this modification. In a separate motion, consolidated on appeal, mother was awarded an additional $1,200 in attorney fees to defend the modification on appeal.

Father is contesting the award of a $15 per week increase in child support for his two sons, ages fourteen and seventeen at the time of the modification decree. Mother showed an increase in the expenses incurred in providing for the children. The additional expenses resulted from the increased needs of the children as they grew older and bigger and from the greater cost of necessities. As expenses increased the income of both parents also increased. While mother's increase in income between the time of dissolution and modification was proportionally greater than father's, her income was still significantly less than his. Where, as here, the evidence presented contains conflict, it is the trial court that determines the credibility of the witnesses. *Morgan v. Morgan*, 701 S.W.2d 177, 179 (Mo.App.1985); and *Wells v. Wells*, 623 S.W.2d 19, 22 (Mo.App.1981). Thus, mother showed changed circumstances and the need for more money to support the parties' two children. *Kieffer v. Kieffer*, 590 S.W.2d 915, 917 (Mo.banc 1979); *Bewig v. Bewig*, 708 S.W.2d 769, 770 (Mo.App.1986); and *Butler v. Butler*, 698 S.W.2d 545, 548 (Mo.App.1985). The increase in child support is affirmed.

Mother was awarded attorney fees for the modification and for the appeal. Father appeals the award of attorney fees claiming that the motion to modify was filed in response to a suit brought by his parents and because of expenses voluntarily assumed by mother. The awarding of attorney fees in a support modification is within the broad discretion of the trial judge. *Kieffer*, 590 S.W.2d at 919; and *Bewig*, 708 S.W.2d at 771. Mother introduced sufficient evidence to support the modification in child support and for the award of attorney fees. On appeal mother is the respondent. We find no error in the allowance of attorney fees for either the modification or appeal.

The judgment of the trial court is supported by substantial evidence and is not against the weight of the evidence. Rule 73.01. No error of law appears. An ex-

tended opinion would have no precedential value.

Judgment affirmed in accordance with Rule 84.16(b).

CRANDALL, P.J., and REINHARD, J., concur.