Georgia McQUEEN, Petitioner–Respondent,

v.

William McQUEEN, Respondent–Appellant.

No. 52414.

Missouri Court of Appeals, Eastern District, Division One.

Nov. 17, 1987.

James E. Lownsdale, Clayton, for respondent-appellant.

William R. Gartenberg, Clayton, for petitioner-respondent.

REINHARD, Judge.

Father appeals from an order modifying a dissolution decree and increasing child support payments. We affirm.

The marriage was dissolved on September 23, 1983. Custody of two minor daughters was granted to the mother with father ordered to pay her $33.00 per week for each child. Father was granted custody of the two teenage boys. The custody and amount of support had been agreed to by the parties.

Mother filed this motion to modify the decree alleging changed circumstances and asking for increased child support. Father countered with a motion to modify, also alleging changed circumstances. After a hearing on the motion, the trial court modified the decree by increasing child support to $50.00 a week per child and ordered father to pay $2,350.00 of mother's attorney fees.

On appeal father contends the court erred in increasing child support for the two children because there was no change in circumstances so substantial and continuing to make the terms of the decree unreasonable. Alternatively, he contends that the court erred in increasing child support for the older daughter because mother abandoned her claim for increased support of that daughter and "impliedly consented to [the daughter's] emancipation."

Our standard of review, established in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976), requires us to affirm the judgment of the trial court if it is supported by substantial evidence, is not against the weight of the evidence, and does not erroneously declare or apply the law.

The daughters, who were ages 14 and 11 at the time of dissolution, were ages 17 and 14 at the time of the modification hearing in October 1986. Without detailing the evidence, the record supports a finding of substantial and continuing changes of circumstances. In fact, father should have no complaint because by filing and pursuing his own motion to modify he "has admitted changed circumstances so as to invoke the jurisdiction of the court to resurvey the entire matter with reference to and emphasis upon the welfare of the children." *Moran v. Moran*, 681 S.W.2d 510, 513 (Mo. App.1984).

While mother indicated that she was not asking for an increase in support for the older girl, she explained that she wanted increased child support for the older daughter until the daughter could get a job. Mother testified that the older daughter was living with her at the time of the hearing and relied on her for support. We believe there was sufficient evidence for the trial court to find that mother did not abandon her claim and that the older daughter was not emancipated.

Father also contends the court erred in ordering him to pay mother's attorney fees of $2,350.00. The trial court has wide discretion in awarding attorney fees. *Hemphill v. Hemphill*, 710 S.W.2d 438, 439 (Mo.App.1986). Considering all the relevant factors, we cannot find the trial court abused its discretion in awarding attorney fees to mother.

The court's order modifying the dissolution decree is supported by the evidence, is not against the weight of the evidence, and does not erroneously declare or apply the law.

Judgment affirmed.

GARY M. GAERTNER, P.J., and CRIST, J., concur.