**Garry TORPEA, Appellant,**

v.

**Lavonne TORPEA, Respondent.**

No. 56639.

Missouri Court of Appeals,
Eastern District,
Division Five.

March 20, 1990.

William E. Roussin, Chesterfield, for appellant.

Ronald L. Rothman, Clayton, for respondent.

DOWD, Presiding Judge.

Father, Garry Torpea, appeals portions of the court's decision on his motion to modify a dissolution decree. We affirm.

The decree of dissolution, incorporating the parties' separation agreement, was entered on November 20, 1985. Father received primary legal care, custody and control of the two minor children, then aged ten and three. The parties split physical custody, with each parent alternately receiving a two week period of custody. This arrangement was drawn from the separation agreement. The decree did not require either party to pay child support. The parties subsequently agreed to some change in the custody schedule, although they disagree as to the extent of such agreement. In November of 1988, mother told father she wanted to go back to the custody arrangement in the dissolution decree.

Father then filed a motion to modify on November 28, 1988, asking for a change in the custody order and for child support. Father claimed that due to the agreed change in custody, the children had become accustomed to spending more time with him, that mother had exercised only sporadic custody, and that the school district in which father lives and in which the children are educated was unable to accommodate the custody schedule.

Mother filed a cross-motion to modify denying father's claims. She stated that the present problems arose when father unilaterally decided to re-locate to a different county, thus causing problems with the custody schedule. Mother also admitted that she agreed to informal custody changes, but stated that after the move father abused her willingness to cooperate. This caused her to insist on reverting to the schedule set in the decree. Acknowledging that this schedule could not operate during the school year, mother requested full custody and child support.

At the hearing father, mother and the children testified, as well as father's new wife and various people connected with the children's school. After the close of the evidence, the court expressed the opinion that neither parent displayed a spirit of cooperation, but that it was in the children's best interest to have regular and frequent contact with both parents. After admonishing the parties concerning the areas in which they would need to cooperate, the court granted joint legal custody and primary physical custody to the father. Because he found unequal earning power, the court awarded mother $50 per child per week child support during her six weeks of summer custody and $15 per child per week during the rest of the year "to help defray some of the transportation costs and so forth." Each party was required to pay his own attorney's fees. Father now appeals.

Father first claims the trial court erred in awarding child support to mother because the record did not demonstrate that mother needed support, father had primary custody and the court misinterpreted the factors in section 452.370, RSMo 1986. That statute provides that a court shall modify custody only upon "a showing of changed circumstances so substantial and continuing as to make the terms unreasonable." § 452.370.1.

The financial resources of the parties, including the extent to which expenses are shared by any person who cohabitates with a party, are factors to consider in modifying support. *Id.* By filing and pursuing a motion to modify, a party admits changed circumstances "so as to invoke the jurisdiction of the court to resurvey the entire matter with reference to and emphasis upon the welfare of the children." *McQueen v. McQueen*, 739 S.W.2d 761, 762 (Mo.App.1987) (quoting *Moran v. Moran*, 681 S.W.2d 510, 513 (Mo.App. 1984)). Upon review of an order modifying support, the appellate court may only disturb the order if it is unsupported by substantial evidence, against the weight of the evidence, or erroneously declares or applies the law. *Walck v. Walck*, 651 S.W.2d 559, 560 (Mo.App.1983).

The record reflects that father's income, combined with that of his wife, is approximately double that of mother. There is no statement on the income of mother's boyfriend, with whom she cohabitated, beyond a statement that he was employed as a waiter. The record shows that part of the situation between the parties stemmed from the fact that father was

able to provide the children with more clothing and luxuries than mother. In addition, mother had demonstrated difficulties in maintaining full visitation and custody on her small income; she had problems with transportation and had to move to a more expensive neighborhood to be near the children. There was sufficient evidence to support the trial court's conclusion that wife required child support to facilitate full visitation and temporary custody and to allow her to provide the children with some comforts to which they were accustomed. The child support award coincided with the court's purpose of doing what was in the children's best interests, namely providing them with a stable environment and maximum access to each parent. We find no error here.

■ Father's final point claims the court erred in failing to award him attorney's fees because mother's conduct forced him to file the motion to modify. In support he cites *T.B.G. v. C.A.G.*, 772 S.W.2d 653 (Mo. banc 1989). The record does not support this claim. The lower court found that both parties exhibited problematic conduct. In fact, the crux of the problem appears to lie with the custody schedule the parties themselves devised and father's re-location to a school district in which mother could not afford housing. The record simply does not indicate that father was forced to pursue legal action because of mother's conduct. Point denied.

Mother has requested that we sanction father for filing a frivolous appeal. While we have found no merit in father's arguments, they are not so fatuous as to require damages under Rule 84.19. *Fornachon v. Fornachon*, 748 S.W.2d 705, 709 (Mo.App.1988).

The judgment of the lower court is affirmed.

SIMON, C.J., and JOSEPH J. SIMEONE, Senior Judge, concur.