FOR APPELLANT: Michael L. Jackson, 1028 North Kingshighway, Suite 1, Cape Girardeau, Missouri 63701.
FOR RESPONDENT: Kenneth Scott Fetterhoff, Michael J. Polwort, 2480 E. Main, Jackson, Missouri 63755.
James M. Dowd, Chief Judge *535 This case concerns the legal and physical custody of K.N.H., the daughter of appellant J.F.H. ("Father") and respondent S.L.S. ("Mother"). Father appeals from the judgment of the Circuit Court of Cape Girardeau County which modified the legal and physical custody arrangements set forth in the court's 2009 judgment. Father claims that there was insufficient evidence of a substantial change in circumstances to justify terminating the joint legal custody and the joint physical custody arrangements ordered in 2009, and insufficient evidence that these modifications were necessary to serve Child's best interests. While we find that the court did not err in modifying the 2009 judgment by awarding Mother sole legal custody, we are firmly convinced that the court's termination of joint physical custody is erroneous and is against Child's best interests. Therefore, the judgment is affirmed in part and reversed in part.
Factual and Procedural Background
On March 2, 2009, the court entered its judgment which established the paternity of Child and provided for Child's custody (the "custody decree") by awarding Mother and Father joint legal and physical custody, with Mother's address serving as Child's for mailing and educational purposes. Tire parenting plan adopted pursuant to the judgment provided for a repeating two-week schedule of roughly equal physical custody periods. At the time the judgment was entered in 2009, Father lived and worked in Cape Girardeau, and Mother worked in Cape Girardeau though she lived in Marble Hill, in Bollinger County.
The disagreement giving rise to this case centers on driving distances and times between Marble Hill and Cape Girardeau now that Child has reached school age. On Father's custody days that are also school days, he drives Child over 30 miles to Marble Hill, drives about the same distance back to his workplace in Cape Girardeau, drives back to Marble Hill to pick Child up after school, and then drives her back to Cape Girardeau. Father unsuccessfully attempted to make arrangements with Marble Hill's Woodland school district to have Child ride the bus. Father testified that he lost a job because of the amount of time he missed in order to take Child to school in Marble Hill, and he was concerned about the amount of time Child was spending on the road.
Citing the latter concern, on August 17, 2015, Father filed a motion to modify the custody decree, requesting that joint legal custody and joint physical custody be maintained, but that Child assume Father's address for educational purposes so that she could be placed in school in Cape Girardeau. He also asked that his parenting time during the school year consist of all weekdays and alternating weekends.
Mother opposed Father's motion and filed her own motion to modify. For her part, she asked that her parenting time during the school year consist of all weekdays and alternating weekends. Unlike Father, however, Mother sought termination of the joint custody arrangement and requested both sole legal and sole physical custody of Child. Mother claimed that these modifications were necessary to serve Child's best interests because Father had twice enrolled Child in schools in Cape Girardeau without Mother's approval. Mother also argued that Father's motion to modify was motivated solely by self-interest to reduce his time on the road, and that she and Father no longer had the ability or willingness to communicate *536 and cooperate in making parenting decisions.
On September 7, 2016, the trial court entered its judgment which modified the decree by granting Mother sole legal and sole physical custody, and by reducing Father's physical custody time during the school year to alternating weekends only. The court found that Mother and Father are no longer able to cooperate with each other in making parenting decisions; that due to the distance Father and Child must travel, the decree's custody schedule has become unworkable; and that granting Father alternating weekends with Child is the best plan for school-year parenting time because it offers Father "reasonable" custody time but does not subject Child to extensive travel and removes the financial burden of providing that transportation.
Further facts, as relevant, are provided below. This appeal follows.
Standard of Review
The applicable standard of review requires this court to affirm the trial court's judgment unless it is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. Morgan v. Morgan , 497 S.W.3d 359, 363 (Mo. App. E.D. 2016) (citing Murphy v. Carron , 536 S.W.2d 30, 32 (Mo. banc 1976) ). The trial court is in a superior position to weigh all the evidence and render a judgment based upon that evidence; therefore, the judgment is to be affirmed under any reasonable theory supported by the evidence. Id. (citing Love v. Love, 75 S.W.3d 747, 754 (Mo. App. W.D. 2002) ). The trial court's determination of custody will not be disturbed on appeal unless this Court is firmly convinced the determination is erroneous and is against the child's best interests. Id. (citing Bather v. Bather, 170 S.W.3d 487, 492 (Mo. App. W.D. 2005) ).
Discussion
In Missouri, two distinct statutes govern the modification of prior parenting arrangements. Id. (citing Russell v. Russell, 210 S.W.3d 191, 196 (Mo. banc 2007) ; §§ 452.410, 452.400.2[1] ). Section 452.410 governs the modification of child custody decrees. Id. (citing Frantz v. Frantz, 488 S.W.3d 167, 175 (Mo. App. E.D. 2016) ). Generally, a modification of a "child custody decree" can reasonably be interpreted to apply to those instances where a court is requested to modify the "custody" designation. Id. (citing Prach v. Westberg, 455 S.W.3d 513, 516 (Mo. App. W.D. 2015) ). A "custody" designation refers to joint legal custody, sole legal custody, joint physical custody, and sole physical custody. Id. (citing § 452.375.1(1)).
Joint legal custody means that the parents share the decision-making rights, responsibilities, and authority relating to the health, education and welfare of the child, and, unless allocated, apportioned, or decreed, the parents shall confer with one another in the exercise of decision-making rights, responsibilities, and authority. § 452.375.1(2). Joint physical custody means an order awarding each of the parents significant, but not necessarily equal, periods of time during which a child resides with or is under the care and supervision of each of the parents. § 452.375.1(3). Joint physical custody shall be shared by the parents in such a way as to assure the child of frequent, continuing and meaningful contact with both parents. Id.
Section 452.410 breeds two differing burdens of proof for purposes of motions to modify. Id. at 364-65. Always, the *537 party seeking a modification under § 452.410 must make the basic showing (1) that a change has occurred in the circumstances of the child or his custodian based upon facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, and (2) that a modification is necessary to serve the best interests of the child. Id. at 364. But the burden in step one is increased when, for example, both parents were awarded joint physical custody in the previous child custody decree and a modification is sought to award only one parent sole physical custody (with rights of visitation to the other parent). Id. at 365-66. In that case, what Morgan refers to as the "Section 452.410 Case Law Standard" applies, and the party seeking modification must demonstrate a substantial change in circumstances. Id. at 365.
In essence, "the type of custody modification requested determines the nature of the change in circumstances required." Tienter v. Tienter , 482 S.W.3d 483, 490 (Mo. App. E.D. 2016). Indeed, just as a "drastic change in the custodial arrangement" must be supported by a substantial change in circumstances, id. (emphasis added), it follows also that any modification of legal custody by its nature requires a legal-custody-related change in circumstances, and any modification of physical custody a physical-custody-related change. Specifically, a modification of the terms of joint legal custody must be supported by a change in the circumstances of the parents' exercise of such custody-i.e., how they have shared the decision-making rights, responsibilities, and authority relating to the health, education, and welfare of the child. And a modification of the terms of joint physical custody must be supported by a change in the circumstances of the parents' use of parenting time and their sharing of it in such a way as to assure the child of frequent, continuing, and meaningful contact with both parents.
This is because courts considering modification requests must determine, in the first step of the two-part inquiry laid out above, specifically whether the sort of change in circumstances has occurred that would make a particular aspect of the prior custody decree unreasonable. See, e.g., Wallace v. Chapman, 64 S.W.3d 853 (Mo. App. W.D. 2002) ("A finding of a change in circumstances making the prior decree unreasonable is a precursor to a finding that the best interests of the child necessitate modification."). Not every change in circumstances calls for a transfer of child custody. Eastes v. Eastes, 590 S.W.2d 405, 408 (Mo. App. E.D. 1979). It is only those changes that actually relate to the modification requested that matter.
This Court reasoned in Bewig v. Bewig, 708 S.W.2d 769, 771 (Mo. App. E.D. 1986) that "[t]he circumstances bearing on custody are quite different from those relating to child support obligations, as the former include considerations of home life while the latter involve need and ability to pay[,]" so a parent "may assert changed circumstances bearing on custody but still deny changed financial circumstances." Similarly, here, we conclude that a parent may assert-or, as relevant here, a court may find support for a finding of-changed circumstances bearing on legal custody, while denying that there is substantial evidence of the occurrence of a physical-custody-related change. One type of custody involves parental decision-making, and the other involves the exercise and exchange of parenting time. Although these issues sometimes intersect, they are different. Thus, in some cases the analysis as to the modification of legal custody must differ from that as to the modification of physical custody. For reasons explained in *538 further detail below, we find that this is just such a case.
Physical Custody
Mother points to what she asserts are four examples of evidence of substantially changed circumstances relating to physical custody: (I) the fact that on each of Father's custody days falling on a school day, Child has to spend more than an hour on the road traveling between Cape Girardeau and Marble Hill; (2) the breakdown in communications between Mother and Father; (3) the two incidents, described in further detail below, in which Father enrolled Child in school in violation of the custody decree; and (4) Father's attempts to alienate Child's affections from Mother. We address each in turn.
First, although the problem of Child spending too much time on the road did not exist when the custody decree was first entered-simply because Child was not yet school-aged-the issue was plainly sewn into the fabric of the decree. The decree set out that for educational purposes, Child shall take Mother's address, and Mother has lived in Marble Hill and Father has lived in Cape Girardeau at all times since the entry of the decree. Therefore, the driving-distance problem does not mark a change in circumstances, but is instead merely the direct result of the decree. And the carrying out of the requirements of an existing decree is generally not considered to be a change in circumstances warranting modification. See, e.g., Reeves-Weible v. Reeves , 995 S.W.2d 50, 61 (Mo. App. W.D. 1999) (holding that father's refusal to provide transportation for children's visitation with mother could not be viewed as a change of circumstances requiring modification where the existing order of custody required mother to provide such transportation).
Second, as explained in further detail in our legal custody analysis below, the breakdown in communication and cooperation between Mother and Father, to the extent that one occurred, is relevant only to the question whether a substantial change in the circumstances has occurred with respect to the parents' joint exercise of legal custody of Child. The record is devoid of any breakdown in communication or cooperation effecting a substantial change in the circumstances of Mother and Father's joint exercise of physical custody. Mother and Father disagreed about where Child should attend school. As described in further detail below, the dispute about Child's school became heated, and Father twice defied the custody decree by enrolling Child in and sending her to Cape Girardeau schools without Mother's approval, backing off on one occasion only after Mother obtained a temporary restraining order. Thus, this dispute, to the extent it may demonstrate a breakdown in communication and cooperation, does so only as to issues of legal custody-the parents' ability to share decisions involving Child's health, education, and welfare-and does not evince a substantial change in the circumstances of the parents' joint exercise of physical custody.
Third, Mother asserts that Father, by twice sending Child to Cape Girardeau schools during his parenting time and thus violating the custody decree, has demonstrated a "pattern" of interference with the decree that shows a substantial change in the circumstances of Father's exercise of physical custody, Many cases have observed that interference with custody provisions or decretal rights may constitute a changed condition and justify a modification. Eatherton v. Eatherton, 725 S.W.2d 125, 128 (Mo. App. E.D. 1987). However, although interference with custodial rights is unacceptable, one or two instances, standing alone and without evidence of their effect on the child, are insufficient to *539 support a change in the custody provision of a decree. Id.
Here we have no pattern, only two incidents, of Father violating the decree by sending Child to Cape Girardeau schools. While Father's violations are inexcusable and certainly are not condoned by this Court, they are not sufficient evidence to support the trial court's termination of joint physical custody. Mother testified that Child missed four days of school in Marble Hill as a result of the latter of the two incidents, but the record shows no further effect on Child and does not reveal Child's school preferences. Further, and most importantly, the record makes clear that even if Father became unwilling to communicate and cooperate with Mother in making legal-custody-related educational decisions, his ability and willingness to take care of Child during his parenting time and to share physical custody with Mother has never been substantially altered or brought into question.
Fourth, Mother's claim that Father attempted to alienate the affections of Child from Mother was supported only by her testimony that, after a hearing in this modification case, Child told an older sibling that Father had said Mother was trying to take Child away from him. While Father's statement, if made, obviously was not in Child's best interests, it does not rise to the level of a substantial change in the circumstances of Father's physical custody of Child. Especially in the absence of any other evidence of intent on Father's part to turn Child against or alienate her from Mother, Father's statement itself can hardly be considered evidence of such intent. Therefore, we find that none of Mother's four cited examples of evidence of substantially changed circumstances relating to physical custody, whether considered together or separately, is sufficient to support the trial court's termination of joint physical custody.
Nor did Mother sufficiently demonstrate that it is in Child's best interests to sharply reduce the frequent, continuing, and meaningful contact between Child and Father that is preferred under Missouri public policy (see § 452.375.4). On the contrary, this record shows clearly that it would be against Child's best interests to cut her school-year time with Father down to alternating weekends and some holidays. The trial court found with ample support that Father is an involved parent who has not deviated from the custody schedule or refused custody time. Father also has demonstrated concern for Child's safety and development. There is no compelling reason to deprive Child of so much contact with Father against the basic preferences of Missouri law.
But even if the trial court erred by terminating joint physical custody, Mother contends, Father invited the error by pleading in his motion to modify that a substantial change in circumstances had occurred because Child was on the road too much. Mother cites Bather , 170 S.W.3d at 493. We find Bather inapplicable here. In Bather, the party deemed to have invited any error as to a particular custody modification pleaded the precise change in circumstances that the court found warranted the modification. Id. The Bather court held that the party could not then be heard to complain that there was no change in circumstances. Id. Here, on the contrary, the substantial change in circumstances Father pleaded was related to driving distance, and the record shows that the only purported change in circumstances cited by the trial court was the breakdown in communication and cooperation between Mother and Father. The trial court did not address the driving distance issue in the context of whether a change in *540 circumstances had occurred but mentioned it only in the context of its best interests analysis under § 452.375.2. Therefore, Mother's claim that Father invited the error he now asserts is unsupported by the record.
Legal Custody
Turning to the trial court's legal custody modification, we review the record for evidence of a substantial change in circumstances as to how Mother and Father have shared the decision-making rights, responsibilities, and authority relating to Child's health, education, and welfare. The breakdown in communication and cooperation alone is sufficient to constitute a change of circumstances warranting the modification of legal custody. Morgan, 497 S.W.3d at 373 (citing Mehler v. Martin, 440 S.W.3d 529, 536 (Mo. App. E.D. 2014) ), The parents' ability and willingness to communicate and cooperate is crucial in considering whether joint legal custody is proper, and if the parents are unable to make shared decisions concerning the welfare of their children, joint legal custody is inappropriate and not in the children's best interests. Id. (citing Mehler, 440 S.W.3d at 536 ). We consider the parties' commonality of beliefs concerning parental decisions, the parties' ability to function as a parental unit in making those decisions, and the parties' demonstrated willingness and ability to share the rights and responsibilities of raising their children. Id. (citing In re Marriage of Sutton, 233 S.W.3d 786, 790 (Mo. App. E.D. 2007) ).
Here, Father twice enrolled Child in schools in Cape Girardeau without Mother's approval. When Child reached the age of eligibility for preschool in Cape Girardeau's Franklin school district, Father enrolled Child even though Mother disagreed. Mother testified that she opposed the preschool enrollment because her address was Child's for educational purposes, and Mother did not expect Father to agree to allow Child to return to Marble Hill's Woodland school district after a year of preschool in Cape Girardeau. A few years later, when Child was in elementary school, Father again attempted to enroll her in the Franklin schools. Mother did not learn until after Child had missed multiple days of school in Marble Hill that during Father's custody time, he had begun sending Child to a Franklin school. Mother obtained a temporary restraining order against Father, and Child was returned to her Marble Hill school.
Both of these unilateral enrollment incidents might reasonably be viewed as evidence of a breakdown in communication and cooperation that has hamstrung Mother and Father's ability to jointly exercise legal custody of Child. There is no dispute that Father twice attempted to circumvent the decree, and Mother's authority, by cutting her out of one of the most important subjects of joint legal custody, or shared parental decision-making: where a child will attend school. Mother also testified that Father had been physically and verbally abusive toward her in the past, and that for a few years now the parties have communicated solely by mobile phone text messaging. Taking all this evidence together, we are convinced that there is sufficient support in the record for the trial court's findings that a substantial change in circumstances occurred here warranting a legal custody modification, and that terminating joint legal custody would be in Child's best interests.
Father is accurate in his assertion that there exists evidence that both parties demonstrated a future objective to work together to raise their children. Here, as in Morgan and Frantz , among other cases, if the trial court had maintained joint legal custody, said award may have been supported by substantial and competent evidence *541 as well. However, due to the considerable discretion afforded to the trial court, there also exists substantial and competent evidence for the trial court's award of sole legal custody to Mother. Moreover, there is no evidence said award was intended to punish Father; rather, the substantial and competent evidence reveals the trial court found sole legal custody to Mother was in the best interests of Child. Therefore, we must affirm the trial court's legal custody determination because we will not set aside a trial court's judgment of child custody unless we firmly believe that the decree is wrong and that the child's welfare requires another disposition. Morgan , 497 S.W.3d at 374 (citing Sutton, 233 S.W.3d at 789 ).
Conclusion
For the reasons stated above, we affirm the judgment of the trial court as to legal custody, but as to physical custody we reverse the court's judgment and remand for further proceedings consistent with this opinion.
Lawrence E. Mooney, J., and Philip M. Hess, J., concur.

All statutory references are to RSMo 2012 unless otherwise indicated.